IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ONYX ENTERPRISES INT'L, CORP.,

                Plaintiff and
                Counterclaim Defendant,

v.

IDPARTS LLC,

                Defendant and
                Counterclaim Plaintiff.

Civil Action No.  20-cv-11253

## IDPARTS ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant IDParts LLC submits its answer, affirmative defenses, and counterclaims to Plaintiff Onyx Enterprises International, Corp.'s ("Onyx") amended complaint.

## NATURE OF ACTION

***Complaint Paragraph No. 1***

*This case involves the Defendant's infringement of Onyx's brand and most prominent house mark, the iD® mark (the "iD® Mark"), as Onyx has used in connection with the sale of automotive parts and accessories since 2009.*

**Answer No. 1**

Defendant denies.

***Complaint Paragraph No. 2***

*ID Parts has been selling automotive parts and accessories on the website www.idparts.com. ID Parts has been copying Onyx's trademark in order to benefit from the national name recognition and good will associated with Onyx's signature iD® brand, to mislead consumers into believing that www.idparts.com is associated with Onyx's iD® brand, and ultimately to divert market share away from Onyx.*

**Answer No. 2**

Defendant admits that it sells automotive parts and accessories on its website, www.idparts.com; otherwise, Defendant denies.

### Complaint Paragraph No. 3

*Defendant's infringement of Onyx's distinctive signature iD® Mark and its unauthorized use of its likeness encroach upon any reasonable notion of fair competition. Onyx thus brings this action for damages and injunctive relief for trademark infringement, unfair competition, and false designation of origin pursuant to the Lanham Act (15 U.S.C. § 1051, et seq.), and trademark infringement, unfair competition, and deceptive trade practices pursuant to the common law of Massachusetts and G.L.c. 93(a) § 2.*

### Answer No. 3

Defendant admits that Plaintiff seeks damages and injunctive relief in its amended complaint and that Plaintiff purports to state claims for trademark infringement, unfair competition, and false designation of origin pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), and trademark infringement, unfair competition, and deceptive trade practices pursuant to the common law of Massachusetts and G.L.c. 93(a) § 2; otherwise, Defendant denies.

## PARTIES

### Complaint Paragraph No. 4

*Onyx is a New Jersey corporation having a principal place of business at 1 Corporate Drive, Suite C, Cranbury New Jersey 08512.*

### Answer No. 4

Defendant admits.

### Complaint Paragraph No. 5

*Upon information and belief, ID Parts is a Massachusetts corporation having a principal place of business at 1257 Franklin Street, Duxbury, MA 023320. Upon information and belief, ID Parts owns, operates, and controls the website www.idparts.com.*

### Answer No. 5

Defendant denies that it is a Massachusetts corporation, though admits that it is a Massachusetts limited liability company. Defendant further denies that its principal place of business is at 1257 Franklin Street, Duxbury, MA 023320; Defendant admits it has a principal place of business at 3 Pond Park Road, Hingham, MA 02043.

## JURISDICTION AND VENUE

***Complaint Paragraph No. 6***

*This Court has subject matter jurisdiction over the asserted claims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).*

**Answer No. 6**

Defendant admits.

***Complaint Paragraph No. 7***

*This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Onyx's state and common law claims because those claims are so related to the federal claims that they form part of the same case or controversy.*

**Answer No. 7**

Defendant admits.

***Complaint Paragraph No. 8***

*This Court has personal jurisdiction over ID Parts, a Massachusetts limited liability company, as it has committed tortious acts in this District, maintains a website accessible in this District, and has and will continue to transact substantial business in this District. ID Parts also regularly solicits business from, does business with, and derives value from goods and services provided to consumers in this District.*

**Answer No. 8**

Defendant admits that this Court has personal jurisdiction over it in this suit as a Massachusetts limited liability company that operates a website accessible in this District and transacts business in this District from which it derives value, but denies the remaining contentions, including that it has committed tortious acts in this District.

- 3 -

***Complaint Paragraph No. 9***

*Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) and (c) and under 28 U.S.C. § 1400(b) because ID Parts resides within this Judicial District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of the claims contained herein is located within this District.*

**Answer No. 9**

Defendant admits.

## FACTUAL ALLEGATIONS

***Complaint Paragraph No. 10***

*As early as 2008, Onyx deployed its iD® Mark to brand its eCommerce platform designed to sell complex product portfolios. For more than a decade, Onyx has been singularly focused upon the creation of a unique, comprehensive, and reliable online customer experience for those seeking to purchase automotive products, both original equipment ("OE") and aftermarket ("AM") parts. By reliably connecting consumers to millions of products from thousands of brands, Onyx drove consumer confidence in the purchase of automotive products online and established the iD® brand as the leader in online automotive product sales.*

**Answer No. 10**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 11***

*Onyx is a pure online retailer. When formed, the market for the online purchase of automotive parts was minimal. In 2008, Onyx launched its first iD® branded platform, www.CARiD.com, and funded a consistent and persistent effort to compete with traditional channels for the sale of automotive products by creating demand for products online.*



*(Screenshot from The Way Back Machine, December 2009)*

**Answer No. 11**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 12***

*To compete with traditional automotive retailers and create consumer confidence for the online purchase of automotive products, Onyx spent hundreds of millions of dollars constructing a proprietary platform coupled with a comprehensive product catalog featuring millions of OE/AM products from thousands of brands. Onyx integrated customer service and consumer education components to create a comprehensive online experience that customers enjoy and companies respect.*

**Answer No. 12**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 13***

*Through this effort, Onyx has grown the iD® brand into one of the largest online retailers of automotive products in the United States. At the time it was formed in 2008, online traffic for the sale of automotive products was virtually non-existent, as depicted below. Today, Onyx receives over 10 million visitors to its site each month, nearly three times its closest online competitor, as depicted below.*



**Answer No. 13**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 14***

*Figure 1 is a graphical representation from a marketing analytics firm of monthly clicks directed at some of the top pure online retailers from 2006 through the present:*



FIGURE 1

**Answer No. 14**

Defendant admits that Figure 1 contains a graphic; otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

***Complaint Paragraph No. 15***

*Figure 2 is a graphical representation of the number of monthly clicks directed at some of the top pure online retailers from 2015 through the present:*



FIGURE 2

**Answer No. 15**

Defendant admits that Figure 2 contains a graphic; otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

***Complaint Paragraph No. 16***

*After Onyx launched its iD® platform in 2008, traditional automotive product retailers such as AutoZone, Advanced Auto Parts, O'Reilly Auto/Pep Boys, and NAPA started to heavily invest in eCommerce. Specialty brick and mortar retailers, such as 4 Wheel Parts and others, also followed suit. Figure 3 is a graphical representation of the performance, expressed in terms of monthly clicks, of the top six traditional retailers' domains from 2006 through the present.*



FIGURE 3

**Answer No. 16**

Defendant admits that Figure 3 contains a graphic; otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

***Complaint Paragraph No. 17***

*Through its concerted campaign to drive its iD® Mark to the center of consumer purchasing for automotive parts and accessories, Onyx has outperformed all traditional retailers online other than AutoZone:*



FIGURE 4

**Answer No. 17**

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

**Complaint Paragraph No. 18**

Figure 4 is a graphical representation of the number of monthly clicks on the indicated domains from 2015 through the present.

**Answer No. 18**

Defendant admits that Figure 4 contains a graphic; otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

**Complaint Paragraph No. 19**

To achieve these results, Onyx committed substantial resources to ensure that it would perform relative to its competition, both traditional retailers and the field of pure eCommerce retailers. Onyx has spent nearly $200 million in marketing its brand.

**Answer No. 19**

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

**Complaint Paragraph No. 20**

To maintain its position relative to eCommerce and traditional retailers, Onyx has similarly outspent the competition to drive traffic to its iD® Branded platforms.

**Answer No. 20**

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

**Complaint Paragraph No. 21**

As a result of its efforts, Onyx's online presence exceeds the profiles of its top online competitors:



FIGURE 5

**Answer No. 21**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 22***

*Like the end consumer, most automotive product manufacturers, both OE and AM, associate the iD® brand with Onyx and its unique, comprehensive, and reliable eCommerce platform. Onyx works with manufacturers and distributors of OE and AM products ("the Brands") to build educational tools and product pages to connect the right customer, with the right Brand, for the right car. The Brands associate the iD® Mark with quality service and professional product placement.*

**Answer No. 22**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 23***

*The substantial brand power behind the iD® Mark that has been developed for over a decade is reflected in a consistent commercial impression: When consumers and/or Brands see*

*the iD® Mark with its unique properties and design elements, they know to expect quality, service, and professionalism, deriving from a very specific and distinguishable source.*

**Answer No. 23**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 24***

*Leveraging its famous mark and the goodwill customers associate with the iD® brand, Onyx expanded its suite of eCommerce platforms into other complex market product portfolios.*



**Answer No. 24**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 25***

*For example, Onyx developed and released its MOTORCYCLEiD® mark in July 2018. Similar to CARiD®, MOTORCYCLEiD® conveys to customers that they can come to Onyx—and MOTORCYCLEiD®—to identify the unique parts and pieces that are suited for that customer's particular motorcycle.*

**Answer No. 25**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

**Complaint Paragraph No. 26**

For example, Onyx developed and released its TRUCKiD® mark in July 2018. Similar to CARiD®, TRUCKiD® conveys to customers that they can come to Onyx—and TRUCKiD®—to identify the unique parts and pieces that are suited for that customer's particular semi-truck or other oversized or commercial vehicle.

**Answer No. 26**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

**Complaint Paragraph No. 27**

Onyx's iD® Mark and the reputation it has developed in association with its iD® trademark and iD® brand have grown based on the quality associated with them. Consequently, Onyx has registered the following marks: BOATiD®, CAMPERiD®, MOTORCYCLEiD®, POWERSPORTSiD®, RECREATIONiD®, STREETiD®, TOOLSiD®, and TRUCKiD®. Onyx has launched associated eCommerce platforms utilizing the same trade dress.

| www.BOATiD.com |  |
| www.CARiD.com | |





**Answer No. 27**

Defendant admits that the U.S. Patent & Trademark Office ("USPTO") lists Plaintiff as the registrant of the registered marks BOATID, CAMPERID, MOTORCYCLEID; POWERSPORTSID, RECREATIONID, STREETID, TOOLSID, and TRUCKID; otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

***Complaint Paragraph No. 28***

*Onyx's CARiD® branded services have received consistent high ratings.*

**Answer No. 28**

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

***Complaint Paragraph No. 29***

*Onyx has an "Elite" rating of 9.5/10 out of about 102,877 reviews on www.ResellerRatings.com. Based on the reviews submitted within the last six months, Onyx's CARiD® branded services has an average customer service rating of 9.09/10 and a "chance of future purchase" rating of 8.99/10.*

**Answer No. 29**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 30***

*Onyx has an "A+" rating with the Better Business Bureau.*

**Answer No. 30**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 31***

*Onyx has a 4.7 out of 5 on Google Reviews based upon just under 10,000 reviews.*

**Answer No. 31**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 32***

*Onyx's CARiD® Facebook page currently has a 4.4/5 rating out of about 20,088 reviews.*

**Answer No. 32**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 33***

*The CARiD® Instagram account currently has approximately 39,000 followers while the CARiD® Facebook account currently has over 2.5 million followers. The CARiD® YouTube Channel has over 69,100 subscribers and over 35.6 million views.*

**Answer No. 33**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 34***

*As a result of its efforts, including its extensive financial investment, Onyx has made a substantial amount of sales through its iD® brand in the United States and abroad. Sales of products sold through Onyx's CARiD® and other iD® branded services have far exceeded those of Onyx's direct competitors in the United States and abroad.*

**Answer No. 34**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

***Complaint Paragraph No. 35***

*In addition to the strong consumer recognition, the iD® brand enjoys substantial state and federal trademark protections given its ubiquitous and consistent use since 2008. Onyx is the registered owner of the federal trademark registration for the stylized "iD" logo (Reg. No. 5658672) for "Wholesale distributorships featuring automotive parts and accessories; retail store services featuring automotive parts and accessories; online retail store services featuring automotive parts and accessories." See Exhibit 1.*



**Answer No. 35**

Defendant admits that the USPTO lists Plaintiff as the current owner of the registered mark

shown above, Reg. No. 5,658,672; otherwise, Defendant denies.

**Complaint Paragraph No. 36**

*Onyx owns the trademark application for its newly-stylized iD® logo (Reg. No. 5804750) for "Distributorship services featuring parts and accessories for land vehicles and water vehicles; Distributorship services featuring goods for travel and outdoor recreational activities; Distributorship services featuring tools."*



**Answer No. 36**

Defendant admits that the USPTO lists Plaintiff as the current owner of the application associated with registered mark shown above (Reg. No. 5,804,750); otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

**Complaint Paragraph No. 37**

*This application received no opposition and was registered on the Principal Register on July 16, 2019. Onyx has been using this newly stylized iD® logo in some version in connection with its multiple retail platforms since at least 2013.*

**Answer No. 37**

Defendant admits that Plaintiff's application for the stylized mark shown above (Serial No. 88/211,256) received no opposition and was registered on the Principal Register as Reg. No. 5,804,750; otherwise Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

**Complaint Paragraph No. 38**

*Onyx is the registered owner of the federal trademark, wordmark, and registration for CARiD® (Reg. No. 3711746) for "Wholesale distributorships featuring automotive accessories; retail store services featuring automotive accessories; online retail store services featuring automotive accessories." Onyx has been using this trademark in connection with its eCommerce platform since at least 2008.*

**Answer No. 38**

Defendant admits that the USPTO lists Plaintiff as the current owner of the registered mark CARID (Reg. No. 3,711,746); otherwise Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

*Complaint Paragraph No. 39*

*Onyx owns U.S. Trademark Registrations and pending U.S Trademark Applications for the following marks, copies of which are attached as Exhibit 2:*

| MARK | Reg./Ser. No. | Goods & Services |
|---|---|---|
| CARID | Reg. No. 3711746 | IC 035: Wholesale distributorships featuring automotive accessories; retail store services featuring automotive accessories; online retail store services featuring automotive accessories. (Date of First Use: at least as early as March 10, 2009) |
| iD | Reg. No. 5804750 | IC 035: Distributorship services featuring parts and accessories for land vehicles and water vehicles; Distributorship services featuring goods for travel and outdoor recreational activities; Distributorship services featuring tools. (Date of First Use: at least as early as June 1, 2018) |

| | Reg. No. 5658672 | IC 035: Wholesale distributorships featuring automotive parts and accessories; retail store services featuring automotive parts and accessories; online retail store services featuring automotive parts and accessories. (Date of First Use: at least as early as September 1, 2013) |
| | Ser. No. 87412406 | IC 002: Sealer coatings for use in the sealing of vehicle parts and during vehicle repairs; coatings for industrial purposes, namely, paints, aerosol paints, rust treatment coatings, undercoats in the nature of industrial sealants for waterproofing and surface hardening, insulation coatings, and rubberized coatings in the nature of industrial sealants for waterproofing and surface hardening; anti-corrosive oils<br><br>IC 003: Chemical cleaners directed to the the vehicle industries; windshield washing fluid; vehicle and car wax preparations<br><br>IC 004: Motor vehicle lubricants; Rust penetrant lubricants for vehicle exhaust systems, for hood release cables, for nuts and bolts, for shock absorbers, and other clips and cables of vehicles; penetrating oil; vehicle lubricants; vehicle lubricating greases; lubricating oils; automotive lubricants<br><br>IC 007:      Vehicle equipment, namely, engine mufflers, spark plugs, gaskets, and chucks for power-operated drills; metal engine gaskets for vehicles<br><br>IC 009:      Batteries for motor vehicles; battery maintenance equipment, namely, cables, lugs, connectors, terminals, hardware, protectors, cable assemblies, bolts, and booster cables; battery chargers for motor vehicles<br><br>IC 012: ATVs (all terrain vehicles); automobiles and structural parts therefor; brake discs for motorcycles; motor scooters and structural parts therefor; motorcycle drive chains ; motorcycle foot |

| | | |
|---|---|---|
| | | pegs; motorcycle sprockets; motorcycles and structural parts therefor; motorized bicycles; motorized dirt bikes for motocross and dune buggies; motorized vehicles, namely, go-carts; parts of motorcycles, namely, brake cables; parts of motorcycles, namely, brake calipers; parts of motorcycles, namely, brake levers; parts of motorcycles, namely, brake master cylinder assemblies; parts of motorcycles, namely, brake rotors; parts of motorcycles, namely, clutch cables; parts of motorcycles, namely, clutch master cylinder assemblies; parts of motorcycles, namely, handle bar grips; parts of motorcycles, namely, handle bar throttles; parts of motorcycles, namely, handle bar grips; parts of motorcycles, namely, handle bars; parts of motorcycles, namely, master cylinders; parts of motorcycles, namely, shift levers; parts of motorcycles, namely, brake master cylinder assemblies; parts of motorcycles, namely, clutch master cylinder assemblies; vehicle parts, namely, rearview mirrors; push scooters and structural parts therefor<br><br>IC 025: Clothing, namely, t-shirts, sweatshirts, headwear and footwear |
| BOATiD | Reg. No. 5888908 | IC 035: Online retail store services featuring consumer products, electronics, parts and accessories for boats and water vehicles, boat safety, and boat maintenance; computerized online ordering featuring general merchandise and general consumer goods for boats and water vehicles, boat safety, and boat maintenance |
| CAMPERiD | Reg No. 58889090 | IC 035: Online retail store services in the field of outdoor consumer products, equipment, parts and accessories used with, or in association with, recreation vehicles, campers, cooking, towing, and other outdoor recreational activities; Online retail store services in the field of general merchandise and general consumer goods used for outdoor recreational activities |

| MOTORCYCLEiD | Reg. No. 5787890 | IC 035: Online retail store services featuring consumer products, electronics, apparel, protective wear, parts and accessories for motorcycles, dirt bikes, motocross bikes, scooters, and three-wheel bikes; computerized online ordering featuring general merchandise and general consumer goods including those used with motorcycles, dirt bikes, motocross bikes, scooters, and three-wheel bikes (Date of First Use: at least as early as July 1, 2018) |
|---|---|---|
| POWERSPORTSiD | Reg. No. 5787889 | IC 035: Online retail store services featuring consumer products, electronics, parts and accessories for powersports, namely, boating, snowmobiling, motorcycling, utility terrain vehicles, watercrafts, off-road vehicles, and all-terrain vehicles; computerized online ordering featuring general merchandise and general consumer goods including those used in support of powersports (Date of First Use: at least as early as July 1, 2018) |
| RACINGiD | Ser. No. 88303678 | IC 035: On-line retail store services featuring a wide variety of consumer goods of others; Online retail store services featuring consumer products, electronics, parts and accessories for land and water vehicles used for racing or high performance travel; Computerized online ordering featuring general consumer merchandise |
| RECREATIONiD | Reg. No. 5888910 | IC 035: Online retail store services in the field of consumer products, shoes, electronics, equipment, parts and accessories used with, or in association with, walking, camping, backpacking, hiking, tailgating, cooking, hunting, fishing, biking, towing, and other outdoor recreational activities; Online retail store services in the field of general merchandise and general consumer goods used for outdoor recreational activities |
| STREETiD | Reg. No. 5850420 | IC 035: On-line retail store services featuring a wide variety of consumer goods of others. |
| TOOLSiD | Reg. No. 5888911 | IC 035: Online retail store services featuring consumer products, electronics, parts and |

| | | |
|---|---|---|
| | | accessories associated with tools, namely, power tools, hand tools, lawn and garden tools, air tools, automotive tools, and construction tools; Online retail store services in the field of general merchandise and general consumer goods used for or with tools |
| TRUCKiD | Reg. No. 5787891 | IC 035: Online retail store services in the field of electronics, consumer products, parts and accessories directed to, or used in association with, trucks, semi-trucks, semi-tractor trailers, fifth wheels, trailers and towing; computerized online ordering featuring general merchandise and general consumer goods for those in the field of trucks, semi-trucks, semi-tractor trailers, fifth wheels, trailers and towing<br>(Date of First Use: at least as early as July 1, 2018) |

**Answer No. 39**

Defendant admits that the USPTO lists Plaintiff as the current owner of the registered

marks CARID (Reg. No. 3,711,746); **iD** (Reg. No. 5,804,750); **iD** (Reg. No. 5,658,672);

BOATiD (Reg. No. 5,888,908); CAMPERiD (Reg. No. 5,888,909); MOTORCYCLEiD (Reg. No.

5,787,890); POWERSPORTSiD (Reg. No. 5,787,889); RECREATIONiD (Reg. No. 5,888,910);

STREETiD (Reg. No. 5,850,420); TOOLSiD (Reg. No. 5,888,911); and TRUCKiD (Reg. No.

5,787,891) and the pending applications for **iD** (Serial No. 87/412,406) and RACINGiD (Serial

No. 88/303,678) and that Exhibit 2 contains the USPTO records for these registrations and

applications; otherwise, Defendant is without knowledge or information sufficient to form a belief

as to the truth of Plaintiff's allegations and denies.

**Complaint Paragraph No. 40**

*Registration No. 3711746 is "incontestable" under § 15 U.S.C. § 1065, and thereby is conclusive evidence of the validity of the registered mark and of Onyx's ownership of the mark.*

**Answer No. 40**

Plaintiff's allegations in paragraph 40 consist entirely of a legal conclusion to which no response is required. To the extent a response is required, Defendant states that the USPTO records reflect that Plaintiff filed a declaration pursuant to § 1065 and it was accepted by the USPTO and otherwise denies.

**Complaint Paragraph No. 41**

*Consequently, its iD® brands have become distinctive and well-known in the industry as a symbol of Onyx's goodwill with manufacturers, distributors, resellers, industry publications, and consumers of vehicle parts and accessories. The breadth and scope of Onyx's offerings is extensive, and many of the parts comprising a vehicle could be purchased through the platform. As a result, its stylized iD® Mark has become famous and a strong indicator of source and affiliation.*

**Answer No. 41**

Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

**Complaint Paragraph No. 42**

*Onyx also owns valid and subsisting common law rights in the marks depicted below, which Onyx has continuously used in interstate commerce for many years:*



**Answer No. 42**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

*Complaint Paragraph No. 43*

*Onyx has also enforced its intellectual property rights to ensure the integrity and strength of its iD® Brands. See, e.g., Onyx, Enters. Int'l, Corp. v. Guangzhou Zezhong Elecs. Co., Ltd., No. 1:18-cv-03226 (D. Colo. filed Dec. 14, 2018) and Onyx, Enters. Int'l, Corp. v. Sloan Int'l Holdings Corp., No. 0:20-cv-60871-RKA (S.D. Fla. filed Apr. 29, 2020).*

**Answer No. 43**

Defendant admits that Plaintiff filed two lawsuits against, respectively, Guangzhou

Zezhong Elecs. Co., Ltd. and Sloan Int'l Holdings Corp.; otherwise, Defendant is without

knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and

denies.

**Complaint Paragraph No. 44**

On November 2, 2008, Mr. Peter Noble registered an LLC in Massachusetts under the name "TDIParts LLC."

**Answer No. 44**

Defendant admits.

**Complaint Paragraph No. 45**

On or about December 15, 2009—after Onyx had launched its first iD® branded ecommerce site at www.CARiD.com—Mr. Noble filed a Certificate of Amendment with the Massachusetts Secretary of the Commonwealth, amending the name of the LLC from "TDI Parts LLC" to "IDPARTS LLC."

**Answer No. 45**

Defendant admits that Peter Noble filed a Certificate of Amendment with the

Massachusetts Secretary of the Commonwealth, amending the name of Defendant's LLC from

"TDI Parts LLC" to "IDPARTS LLC" on or about December 15, 2009; otherwise, Defendant is

without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations

and denies.

**Complaint Paragraph No. 46**

Upon information and belief, after its incorporation and subsequent name change, ID Parts began to operate and control the www.idparts.com website, its social media accounts, and to provide retail services for automotive parts and accessories under the infringing www.idparts.com domain name.

**Answer No. 46**

Defendant admits that after its incorporation and subsequent name change, it began to operate and control the www.idparts.com website, its social media accounts, and provides retail services for automotive parts and accessories, but otherwise denies.

**Complaint Paragraph No. 47**

*Upon information and belief, ID Parts is the registered owner of the www.idparts.com website.*

**Answer No. 47**

Defendant admits.

**Complaint Paragraph No. 48**

*Upon information and belief, ID Parts had full knowledge of Onyx's ownership of the iD® Mark, including Onyx's respective, exclusive rights to use and license such intellectual property and the goodwill associated therewith.*

**Answer No. 48**

Defendant denies.

**Complaint Paragraph No. 49**

*On October 3, 2014, ID Parts applied to register its infringing ID mark:*       *(the "Infringing ID Mark") on the principal register with the United States Patent and Trademark Office under Serial No. 86414309.*

**Answer No. 49**

Defendant admits that it filed a trademark application (Serial No. 86/414,309) with the USPTO on October 3, 2014 to register its stylized mark, shown above, but otherwise denies.

**Complaint Paragraph No. 50**

*On July 21, 2019, the USPTO issued a non-final office action informing ID Parts that registration of its Infringing ID Mark was refused due to a likelihood of confusion in the market between Defendant's Infringing ID Mark and Onyx's iD® Mark. See Exhibit 3. ID Parts did not*

*file a response to the office action, and the mark was deemed abandoned by the USPTO on April 14, 2020.*

**Answer No. 50**

Defendant admits that the USPTO issued a non-final office action on July 21, 2019 refusing registration of Defendant's stylized mark (Serial No. 86/414,309) on the ground of a likelihood of confusion with Plaintiff's registered mark (Reg. No. 5,658,672); that Defendant did not file a response to the office action; and that the application was deemed abandoned by the USPTO on April 14, 2020; Defendant otherwise denies the remaining allegations.

*Complaint Paragraph No. 51*

*Despite receiving a non-final office action of refusal specifically stating that there is a likelihood of confusion between the Infringing ID Mark and Onyx's iD® Mark, and receiving a Notice of Abandonment from the USPTO, ID Parts continues to use its Infringing ID Mark to distribute and sell identical and/or similar automotive parts and accessories as Onyx.*

**Answer No. 51**

Defendant admits that the USPTO issued a non-final office action refusing registration of Defendant's stylized mark (Serial No. 86/414,309) on the ground of a likelihood of confusion with Plaintiff's registered mark (Reg. No. 5,658,672) and that Defendant uses its ID mark to distribute and sell automotive parts and accessories; Defendant otherwise denies the remaining allegations, including that its principals were aware of and received the office action and notice of abandonment.

*Complaint Paragraph No. 52*

*ID Parts has marketed, and continues to market, its retail services for automotive parts and accessories into the same channels of trade as Onyx and to the same types of consumers.*

**Answer No. 52**

Defendant admits that it provides retail services for automotive parts and accessories; otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

***Complaint Paragraph No. 53***

The www.idparts.com *website, social media accounts, and marks directly incorporate Onyx's iD® Mark and are identical in spelling and sound to Onyx's iD® Mark, and often duplicate the color scheme as used by Onyx, which is depicted in the below side-by-side comparisons:*

| Onyx's iD® Mark | Defendant's Infringing ID Mark |
|---|---|
| **iD** CARiD® (as depicted on www.CARiD.com) CARID (Reg. No. 3711746 CARID) **iD** (Reg. No. 5804750) **iD** (as depicted on www.CARiD.com) | idparts.com (as used on www.idparts.com on 06/15/2020) |



(as depicted on www.BOATiD.com)

(as depicted on www.CAMPERiD.com)

(as depicted on www.MOTORCYCLEiD.com)

(as depicted on www.POWERSPORTSiD.com)

(as depicted on www.RECREATIONiD.com)

(as depicted on www.TOOLSiD.com)

(as depicted on www.TRUCKiD.com)



(Reg. No. 5658672)

(as currently used for the www.carid.com website thumbnail)

CARiD.com
Automotive Parts Store

(as used on the CARiD® Facebook Account on May 31, 2020)

(as depicted in the current CARiD Instagram account)

(as currently used for the www.idparts.com ebsite thumbnail)

IDParts.com
Automotive Parts Store

(as used on ID Parts Facebook Account on May 31, 2020)

(as depicted in the current ID Parts Instagram account)



(as depicted on the current CARiD Twitter account profile)



(as depicted on the current ID Parts Twitter account profile)

**Answer No. 53**

Defendant admits that column labeled "Defendant's Infringing ID Mark" contains accurate depictions of Defendant's ID mark as used on Defendant's website and social media accounts; otherwise, Defendant denies.

***Complaint Paragraph No. 54***

*True and correct copies of the website screenshots for Onyx's current CARiD, BOATiD, CAMPERiD, MOTORCYCLEiD, POWERSPORTSiD, RECREATIONiD, TOOLSiD, and TRUCKiD websites depicting the above-referenced complimentary iD® Marks are attached as Exhibit 4.*

**Answer No. 54**

Defendant admits that website screenshots for the recited websites are attached to the complaint as Exhibit 4, but otherwise denies.

***Complaint Paragraph No. 55***

*A true and correct copy of the website screenshot for the www.idparts.com website, as captured on May 31, 2020, is attached as Exhibit 5. A true and correct copy of the website screenshot showing the thumbnail from the current www.idparts.com website is attached as Exhibit 6. True and correct copies of the website screenshots for the ID Parts Facebook, Instagram, and Twitter accounts are attached as Exhibit 7.*

**Answer No. 55**

Defendant denies that Exhibit 6 displays a thumbnail from the current www.idparts.com website; otherwise, Defendant admits.

***Complaint Paragraph No. 56***

*Upon information and belief, ID Parts initially created the www.idparts.com website and name with the intention of creating consumer confusion and passing off the www.idparts.com retail service as being associated with Onyx's iD® Mark.*

**Answer No. 56**

Defendant denies.

**Complaint Paragraph No. 57**

At all relevant times, Onyx began using its iD® Mark prior to Defendant's use of its Infringing ID Mark utilizing the term "ID".

**Answer No. 57**

Defendant denies.

**Complaint Paragraph No. 58**

ID Parts has acted purposefully and in bad faith to usurp the substantial goodwill that Onyx has developed under its iD® Mark to confuse and deceive consumers into believing that the www.idparts.com website and services are in some way affiliated or connected to Onyx's iD® brand when it is not.

**Answer No. 58**

Defendant denies.

**Complaint Paragraph No. 59**

ID Parts has made and will continue to make substantial profits and gains off of the goodwill and value Onyx has acquired through their iD® Mark, to which ID Parts is not in law or equity entitled.

**Answer No. 59**

Defendant denies.

**Complaint Paragraph No. 60**

Onyx is not affiliated or connected with ID Parts or its services, nor has Onyx endorsed or sponsored ID Parts or its services.

**Answer No. 60**

Defendant admits.

**Complaint Paragraph No. 61**

Onyx has not in any way authorized Defendant's use of Onyx's iD® Mark or its likeness.

**Answer No. 61**

Subject to Defendant's affirmative defenses, Defendant admits that Plaintiff has not licensed its alleged mark to Defendant and otherwise denies.

***Complaint Paragraph No. 62***

*Onyx has no control over the nature and quality of the services or goods that ID Parts provides through the www.idparts.com website or under the Infringing ID Mark.*

**Answer No. 62**

Defendant admits that Onyx has no control over the nature and quality of the services or goods that Defendant provides through the www.idparts.com website or under Defendant's ID mark; otherwise, Defendant denies.

***Complaint Paragraph No. 63***

*Upon information and belief, ID Parts does not provide services through the infringing www.idparts.com website or Infringing ID Mark that meet the high standard and quality that consumers have come to associate with Onyx's iD® Mark.*

**Answer No. 63**

Defendant denies.

***Complaint Paragraph No. 64***

*Defendant's use of the infringing www.idparts.com website and the Infringing ID Mark have harmed, and will continue to cause harm, to the goodwill symbolized by Onyx's iD® Mark and the reputation for quality and excellence that it embodies.*

**Answer No. 64**

Defendant denies.

***Complaint Paragraph No. 65***

*On March 30, 2020, shortly after discovering Defendant's use of the infringing www.idparts.com website and the Infringing ID Mark, Onyx notified ID Parts of Onyx's rights in its iD® Mark and requested that ID Parts cease using the infringing www.idparts.com website and iD® Mark. See Exhibit 8. ID Parts acknowledged receipt of the notice via e-mail reply on April 14, 2020. See Exhibit 9. Onyx communicated with ID Parts again on May 7, 2020 to again*

*request it cease and desist its unlawful use of Onyx's iD® Mark (Exhibit 10), but ID Parts did not reply to or acknowledge this second notice.*

**Answer No. 65**

Defendant admits that Plaintiff sent Defendant a letter on March 30, 2020 alleging that Defendant had infringed its alleged iD mark and requesting that Defendant cease using the www.idparts.com website and ID mark; that Defendant responded via email on April 14, 2020; that Plaintiff sent Defendant a subsequent email on May 7, 2020; and that Defendant did not immediately respond to Plaintiff's May 7, 2020 email; otherwise, Defendant denies.

***Complaint Paragraph No. 66***

*Rather than cease using the infringing www.idparts.com website and the Infringing ID Mark as requested, ID Parts failed to respond any further to Onyx's attempts to negotiate and has not changed anything on the its infringing www.idparts.com website.*

**Answer No. 66**

Defendant admits that it continues to use its ID mark and www.idparts.com website and that it did not immediately respond to Plaintiff's May 7, 2020 email; otherwise, Defendant denies.

***Complaint Paragraph No. 67***

*ID Parts continues to advertise, market, and sell competing automotive parts and accessories in the same industry and through the same channels of trade as Onyx using its infringing www.idparts.com website and Infringing ID Mark.*

**Answer No. 67**

Defendant admits that it continues to use its ID mark and www.idparts.com website to advertise, market, and sell select automotive parts and accessories; otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and denies.

***Complaint Paragraph No. 68***

*Absent injunctive relief, Onyx will continue to suffer irreparable harm in the loss of control of its reputation and goodwill in its iD® Mark.*

**Answer No. 68**

Defendant denies.

**Complaint Paragraph No. 69**

*This and all other damage to Onyx's reputation and goodwill in its iD® Mark and brand resulting from the conduct alleged in this action cannot be easily quantified nor could it be undone through an award of money damages alone.*

**Answer No. 69**

Defendant denies.

<u>**COUNT I**</u>
**Federal Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15. U.S.C. § 1125(A)**

**Complaint Paragraph No. 70**

*Onyx incorporates the allegations in Paragraphs 1 through 69 as if fully set forth herein.*

**Answer No. 70**

Defendant incorporates herein, as if stated in full, its responses to the foregoing paragraphs.

**Complaint Paragraph No. 71**

*This cause of action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), et seq.*

**Answer No. 71**

Defendant admits that Plaintiff purports to state claims for federal trademark infringement,

unfair competition, and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. §

1125(a), *et seq.*; to the extent a response is further required, Defendant otherwise denies.

**Complaint Paragraph No. 72**

*Onyx is the owner of all right, title, and interest in, to and under its iD® Mark, and all goodwill appurtenant thereto.*

**Answer No. 72**

Defendant denies.

*Complaint Paragraph No. 73*

*Onyx's iD® Mark has been continuously and widely used by Onyx nationwide, abroad, and on its eCommerce platforms. Onyx intends to preserve and maintain its rights to the iD® Mark and to continue the use of the iD® Mark in connection with its distributorship and retail store services relating to the distribution and sale of automotive products.*

**Answer No. 73**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

*Complaint Paragraph No. 74*

*By virtue of the renown of the iD® Mark, the iD® Mark has developed secondary meaning and significance in the mind of the relevant public. Goods and services associated with the iD® Mark are immediately associated by the purchasing public with Onyx's iD® brands and its automotive product-based e-commerce platforms.*

**Answer No. 74**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

*Complaint Paragraph No. 75*

*Without Onyx's consent, ID Parts has and continues to use identical and/or confusingly similar imitations of Onyx's iD® Mark in interstate commerce in connection with the promotion, advertisement, and operation of identical distributorship and retail store services, and specifically automotive products.*

**Answer No. 75**

Defendant admits that it uses its ID mark in connection with the promotion, advertisement,

and operation of retail store services for automotive products and that Plaintiff has not licensed its

alleged mark to Defendant; otherwise, Defendant denies.

**Complaint Paragraph No. 76**

Defendant's unauthorized use of Onyx's iD® Mark, and/or confusingly similar variations thereof, is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that ID Parts is affiliated, connected, or associated with Onyx's iD® Mark.

**Answer No. 76**

Defendant denies.

**Complaint Paragraph No. 77**

The acts of ID Parts as alleged herein and above constitute trademark infringement, unfair competition, false representation, and/or false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**Answer No. 77**

Defendant denies.

**Complaint Paragraph No. 78**

ID Parts has engaged in this conduct knowingly, willfully, and in bad faith, in total disregard of Onyx's proprietary rights. Even though ID Parts received notice of its infringement, ID Parts intentionally and willfully continues their unauthorized use of Onyx's iD® Mark. Onyx is therefore entitled to statutory and treble damages.

**Answer No. 78**

Defendant denies.

**Complaint Paragraph No. 79**

Defendant's conduct has deprived Onyx of its rightful ability to control the quality of goods and services uniquely associated with Onyx's iD® Mark and to ensure that their associated, valuable goodwill, and reputation are protected. Defendant's unlawful actions have caused and are continuing to cause Onyx irreparable injury and monetary damages.

**Answer No. 79**

Defendant denies.

**Complaint Paragraph No. 80**

*As a direct and proximate result of Defendant's conduct, Onyx has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill.*

**Answer No. 80**

Defendant denies.

***Complaint Paragraph No. 81***

*Onyx has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, Onyx will continue to suffer irreparable harm and injury.*

**Answer No. 81**

Defendant denies.

***Complaint Paragraph No. 82***

*Onyx is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.*

**Answer No. 82**

Defendant denies.

<u>**COUNT II**</u>
**Trademark Infringement in Violation of Massachusetts Common Law**

***Complaint Paragraph No. 83***

*Onyx incorporates the allegations in Paragraphs 1 through 82 as if fully set forth herein.*

**Answer No. 83**

Defendant incorporates herein, as if stated in full, its responses to the foregoing paragraphs.

***Complaint Paragraph No. 84***

*Onyx is the owner of valid common law rights in the iD® Mark which it has used continuously and in connection with Onyx's goods and services prior to Defendant's unauthorized use of the Infringing ID Mark.*

**Answer No. 84**

Defendant denies.

**Complaint Paragraph No. 85**

Defendant's conduct as set forth above constitutes trademark infringement in violation of Massachusetts common law.

**Answer No. 85**

Defendant denies.

**Complaint Paragraph No. 86**

ID Parts is promoting and otherwise advertising its automotive retail store services under marks that are identical or confusingly similar variations of Onyx's iD® Mark.

**Answer No. 86**

Defendant admits that it promotes and advertises its automotive retail store services; otherwise, Defendant denies.

**Complaint Paragraph No. 87**

Defendant's use of its Infringing ID Mark is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Defendant's goods and services in that consumers and others are likely to believe Defendant's goods and services are legitimately connected with or approved by Onyx and/or its iD® brands in violation of Massachusetts common law.

**Answer No. 87**

Defendant denies.

**Complaint Paragraph No. 88**

ID Parts has engaged in this conduct knowingly, willfully, and in bad faith.

**Answer No. 88**

Defendant denies.

**Complaint Paragraph No. 89**

Defendant's unlawful actions have caused and are continuing to cause Onyx irreparable injury and monetary damages.

**Answer No. 89**

Defendant denies.

*Complaint Paragraph No. 90*

*As a direct and proximate result of Defendant's conduct, Onyx has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill, in an amount as yet not fully ascertained.*

**Answer No. 90**

Defendant denies.

*Complaint Paragraph No. 91*

*Onyx has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, Onyx will continue to suffer irreparable harm and injury.*

**Answer No. 91**

Defendant denies.

## <u>COUNT III</u>
### Unfair Competition in Violation of Massachusetts Common Law

*Complaint Paragraph No. 92*

*Onyx incorporates the allegations in Paragraphs 1 through 91 as if fully set forth herein.*

**Answer No. 92**

Defendant incorporates herein, as if stated in full, its responses to the foregoing paragraphs.

*Complaint Paragraph No. 93*

*Onyx's iD® Mark have become well and favorably known throughout the United States, including the Commonwealth of Massachusetts.*

**Answer No. 93**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

Plaintiff's allegations and denies.

**Complaint Paragraph No. 94**

Defendant's conduct as set forth above constitute unfair competition, false representation, and/or false designation of origin, which are have and/or are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Onyx and/or its iD® Mark, brands, or origin, sponsorship, or approval of the infringing ID Parts services by Onyx and/or its iD® and brands in violation of Onyx's rights at common law and under the law of the Commonwealth of Massachusetts.

**Answer No. 94**

Defendant denies.

**Complaint Paragraph No. 95**

ID Parts engaged in this conduct knowingly, willfully, and in bad faith.

**Answer No. 95**

Defendant denies.

**Complaint Paragraph No. 96**

Defendant's intentional and willful actions have caused and are continuing to cause Onyx irreparable injury and monetary damages.

**Answer No. 96**

Defendant denies.

**Complaint Paragraph No. 97**

As a direct and proximate result of Defendant's conduct, Onyx has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill, in an amount as yet not fully ascertained.

**Answer No. 97**

Defendant denies.

**Complaint Paragraph No. 98**

Onyx has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, Onyx will continue to suffer irreparable harm and injury.

**Answer No. 98**

Defendant denies.

## <u>COUNT IV</u>
### Deceptive Trade Practices in Violation in G. L. c. 93 (a) § 2

***Complaint Paragraph No. 99***

*Onyx incorporates the allegations in Paragraphs 1 through 98 as if fully set forth herein.*

**Answer No. 99**

Defendant incorporates herein, as if stated in full, its responses to the foregoing paragraphs.

***Complaint Paragraph No. 100***

*Defendant's conduct as set forth above constitutes deceptive trade practices in violation of G.L.c. 93(a) § 2.*

**Answer No. 100**

Defendant denies.

***Complaint Paragraph No. 101***

*Defendant's use of Onyx's iD® Mark and confusingly similar variations thereof, falsely suggests Onyx and/or its iD® brands as the source of Defendant's goods and services.*

**Answer No. 101**

Defendant denies.

***Complaint Paragraph No. 102***

*In the course of Defendant's business, ID Parts has and continues to make false representations as to the source, sponsorship, approval, or certification of goods and services provided by ID Parts in order to deceive consumers into believing that Defendant's' goods and services are sponsored, approved, or certified by Onyx and/or its iD® Mark of brands in violation of Massachusetts common law.*

**Answer No. 102**

Defendant denies.

**Complaint Paragraph No. 103**

In the course of Defendant's business, ID Parts has and continues to make false representations to deceive consumers into believing that Defendant's and/or their goods and services are affiliated, connected, or associated with Onyx and/or its iD® brands.

**Answer No. 103**

Defendant denies.

**Complaint Paragraph No. 104**

ID Parts has engaged in this conduct knowingly, willfully, and in bad faith and accordingly the Defendant's conduct in this regard was immoral or otherwise unscrupulous.

**Answer No. 104**

Defendant denies.

**Complaint Paragraph No. 105**

Defendant's actions have caused and will continue to cause confusion among unsuspecting consumers familiar with the iD® Mark and brands, which are used to identify Onyx's goods and services, and thereby significantly impact the public as actual or potential consumers.

**Answer No. 105**

Defendant denies.

**Complaint Paragraph No. 106**

Defendant's unlawful actions have caused and are continuing to cause Onyx irreparable injury and monetary damages.

**Answer No. 106**

Defendant denies.

**Complaint Paragraph No. 107**

As a direct and proximate result of Defendant's conduct, Onyx has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill, in an amount as yet not fully ascertained.

**Answer No. 107**

Defendant denies.

*Complaint Paragraph No. 108*

*Onyx has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, Onyx will continue to suffer irreparable harm and injury.*

**Answer No. 108**

Defendant denies.

*Complaint Paragraph No. 109*

*Onyx is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to G.L.c. 93(a) § 9(3A).*

**Answer No. 109**

Defendant denies; Plaintiff has no right as a corporation conducting trade or commerce to bring an action for damages pursuant to M.G.L 93A § 9(3A).

## **AFFIRMATIVE DEFENSES**

1.      Defendant states that Plaintiff's claims are barred in whole or part by laches. Upon information and belief, Plaintiff has known of Defendant's use of ID and IDPARTS for several years and delayed raising any objections it has had with Defendant's marks until sending the March 30, 2020 cease-and-desist letter and filing this lawsuit. This delay was not reasonable or excusable given Plaintiff's likely knowledge of Defendant, especially given the prominence of Defendant's company. This delay has prejudiced Defendant given the efforts Defendant has taken to promote and expand its business in the meantime.

2.      Defendant states that Plaintiff's trademark infringement, unfair competition, and deceptive trade practices claims brought pursuant to the common law of Massachusetts and

G.L.c. 93(a) § 2 are barred in whole or part by Massachusetts' statute of limitations, at least G.L.c. 260 § 2A.

3.       Defendant states that Plaintiff's claims to common law rights in the mark "ID" are invalid due to the fact that the Defendant's first use of the ID and IDPARTS marks in commerce in connection with online retail and wholesale store services featuring automotive parts and accessories predates Plaintiff's first use of its alleged ID mark.

4.       Defendant reserves the right to raise additional affirmative defenses as they become known through further investigation and discovery.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief it seeks in its amended complaint.

## COUNTERCLAIM AGAINST PLAINTIFF

Defendant IDParts LLC ("IDParts" or "Counterclaim-Plaintiff") counterclaims against Onyx Enterprises International, Corp. ("Onyx" or "Counterclaim-Defendant") as follows:

## THE PARTIES

1.       IDParts is a Massachusetts limited liability company with a principal place of business in Massachusetts.

2.       Onyx is a New Jersey corporation with a principal place of business in New Jersey.

## JURISDICTION AND VENUE

3.       This Court has subject matter jurisdiction over IDParts' affirmative counterclaims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

4.      This Court has personal jurisdiction over Onyx because Onyx filed its amended complaint in this Court.

5.      Venue is proper in this District pursuant to at least 28 U.S.C. § 1391(b).

6.      Based on Onyx's amended complaint against IDParts and IDParts' answer to the same, there exists an actual, justiciable controversy between IDParts and Onyx concerning Onyx's alleged trademark rights.

7.      This is an exceptional case under 15 U.S.C. § 1117(a). IDParts is entitled to recover its reasonable legal fees, disbursements, and costs in connection with this action.

**<u>COUNT I</u>**
**Federal Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15. U.S.C. § 1125(A)**

8.      IDParts is the owner of valid common law rights in the ID mark, which it has used continuously in interstate commerce in connection with IDParts' services prior to Onyx's unauthorized use of the ID mark.

9.      IDParts has continuously used the trademark ID, and variations thereof, in commerce in connection with online retail and wholesale store services featuring automotive parts and accessories since at least as early as December 2009.

10.      Upon information and belief, Onyx did not begin using the ID mark, and specifically, ID as a standalone mark, in commerce in connection with the sale of automotive parts and accessories until 2013.

11.      Onyx does not present a single instance of it using the mark ID, as a standalone mark, prior to 2013 in its complaint against IDParts.

12.      The mark CARID does not have the same commercial impression as the mark ID to purchasers of automotive parts and accessories.

13.     Onyx stated in its application for registration for its alleged stylized ID mark, shown below (Reg. No. 5,804,750), that Onyx first began using the mark both anywhere and in commerce in connection with "distributorship services featuring parts and accessories for land vehicles and water vehicles; distributorship services featuring goods for travel and outdoor recreational activities; distributorship services featuring tools" at least as early as June 1, 2018 and that the mark was first used both anywhere and in commerce in a different form other than that depicted in the registration at least as early as September 1, 2013:



14.     Onyx stated in its application for registration for its alleged green stylized mark, shown below (Reg. No. 5,658,672), that Onyx first began using the mark both anywhere and in commerce in connection with "wholesale distributorships featuring automotive parts and accessories; retail store services featuring automotive parts and accessories; online retail store services featuring automotive parts and accessories" at least as early as September 1, 2013:



15.     Onyx stated in its pending application Serial No. 87/412,406 that Onyx first began using the stylized mark shown below both anywhere and in commerce in connection with, *inter alia*, "automobiles and structural parts therefor" at least as early as January 15, 2013:



16.     In the event that this Court finds that a likelihood of confusion exists between IDParts' and Onyx's respective marks, then, because IDParts is the senior user of the ID mark, Onyx should be liable to IDParts for federal common law trademark infringement, unfair competition, and false designation of origin pursuant to the Lanham Act, specifically 15 U.S.C. § 1125(a).

17.     In the event that this Court finds that a likelihood of confusion exists between IDParts and Onyx's respective marks, IDParts is entitled to recover actual and treble damages, attorney fees, and costs pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, IDParts prays for judgment against Onyx as follows:

1.     A determination that Onyx has no trademark rights in the mark ID and the text portion of Onyx's logos containing the term "ID".

2.     A determination that IDParts has not infringed Onyx's alleged trademark rights under 15 U.S.C. § 1051, *et seq.*, the common law of Massachusetts, and G.L.c. 93(a) §§ 2 & 11.

3.     A determination, in IDParts' favor, that this case is "exceptional," as that term is used in 15 U.S.C. § 1117(a).

4.     An award of costs, disbursements (including any expert fees), and reasonable attorneys' fees in IDParts's favor.

5.     An award of IDParts' damages arising out of Onyx's acts.

6.     Equitable relief, including an appropriately worded injunction, requiring that Onyx remove any and all references to the iD mark, including any company or account names, logos, photographs or videos, and/or any other posts or references, from the Internet and social media outlets, such as Facebook, Instagram, and Twitter.

7.     An award of such other and further relief as the Court deems just and proper, including prejudgment interest.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Defendant respectfully demands a jury trial of all issues triable by jury.


Respectfully submitted,

Date: August 28, 2020

/s/ John Strand
John Strand (BBO # 654985)
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

*Counsel for IDParts LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing document was served upon the attorneys of record for each party via the Court's CM/ECF filing system.

*/s/ John L. Strand*         
John L. Strand
