## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**PARTS ID, LLC,** a Delaware limited liability company,

**Plaintiff**,

   v.

**ID PARTS LLC,** a Massachusetts corporation,

**Defendant**.

Case No. 1:20-cv-11253

**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF—LEAVE TO FILE GRANTED ON 1/19/2021**

**JURY TRIAL DEMANDED**

Plaintiff PARTS iD, LLC ("Plaintiff" or "PARTS iD"), formerly known as Onyx Enterprises International, Corp. ("Onyx"), by and through undersigned counsel, hereby brings suit against Defendant ID Parts LLC ("Defendant" or "ID Parts") and alleges as follows:

### NATURE OF ACTION

1. This case involves the Defendant's infringement of PARTS iD's brand and most prominent house mark, the iD® Mark, as PARTS iD has used in connection with the sale of automotive parts and accessories since 2009.

2. ID Parts has been selling automotive parts and accessories on the website www.idparts.com. ID Parts has been copying PARTS iD's trademark in order to benefit from the national name recognition and good will associated with PARTS iD's signature iD® brand, to mislead consumers into believing that www.idparts.com is associated with Plaintiff's iD® brand, and ultimately to divert market share away from PARTS iD.

3.     Defendant's infringement of PARTS iD's distinctive signature iD® Mark and its unauthorized use of its likeness encroach upon any reasonable notion of fair competition. PARTS iD thus brings this action for damages and injunctive relief for trademark infringement, unfair competition, and false designation of origin pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), and trademark infringement, unfair competition, and deceptive trade practices pursuant to the common law of Massachusetts and G.L.c. 93(a) § 2.

## PARTIES

4.     Onyx was a New Jersey corporation having a principal place of business at 1 Corporate Drive, Suite C, Cranbury New Jersey 08512.

5.     PARTS iD, LLC is a Delaware limited liability company having a principal place of business at 1 Corporate Drive, Suite C, Cranbury New Jersey 08512. PARTS iD merged with and acquired Onyx in November 2020. In so doing, PARTS iD acquired the iD® Mark and all associated rights, privileges, and goodwill developed by Onyx as summarized in this Second Amended Complaint.

6.     Upon information and belief, ID Parts is a Massachusetts corporation having a principal place of business at 1257 Franklin Street, Duxbury, MA 023320.  Upon information and belief, ID Parts owns, operates, and controls the website www.idparts.com.

## JURISDICTION & VENUE

7.     This Court has subject matter jurisdiction over the asserted claims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

8.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over PARTS iD's state and common law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

9.      This Court has personal jurisdiction over ID Parts, a Massachusetts limited liability company, as it has committed tortious acts in this District, maintains a website accessible in this District, and has and will continue to transact substantial business in this District.  ID Parts also regularly solicits business from, does business with, and derives value from goods and services provided to consumers in this District.

10.      Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) and (c) and under 28 U.S.C. § 1400(b) because ID Parts resides within this Judicial District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of the claims contained herein is located within this District.

## FACTUAL ALLEGATIONS

## CREATION, GROWTH, AND SCOPE OF PLAINTIFF'S iD® MARK

11.      As early as 2008, Onyx deployed its iD® Mark to brand its eCommerce platform designed to sell complex product portfolios.  For more than a decade, Onyx has been singularly focused upon the creation of a unique, comprehensive, and reliable online customer experience for those seeking to purchase automotive products, both original equipment ("OE") and aftermarket ("AM") parts.  By reliably connecting consumers to millions of products from thousands of brands, Onyx drove consumer confidence in the purchase of automotive products online and established the iD® brand as the leader in online automotive product sales.

12.      Onyx was, and PARTS iD remains, a pure online retailer.  When formed, the market for the online purchase of automotive parts was minimal.  In 2008, Onyx launched its first iD® branded platform, www.CARiD.com, and funded a consistent and persistent effort to compete with traditional channels for the sale of automotive products by creating demand for products online.



*(Screenshot from The Way Back Machine, December 2009)*

13.     Onyx deployed the following iD® Marks on its eCommerce platform in the first year of operation:



14.     To protect the above iD® Mark, Onyx sought and was granted trademark protection for CARID as detailed in Trademark Registration No. 3711746.

15.     To compete with traditional automotive retailers and create consumer confidence for the online purchase of automotive products, Onyx spent hundreds of millions of dollars constructing a proprietary platform coupled with a comprehensive product catalog featuring millions of OE/AM products from thousands of brands.  Onyx integrated customer service and consumer education components to create a comprehensive online experience that customers enjoy and companies respect. PARTS iD has continued this operation following the merger.

16.     Through this effort, Onyx has grown the iD® brand into one of the largest online retailers of automotive products in the United States.  At the time it was formed in 2008, online traffic for the sale of automotive products was virtually non-existent, as depicted below.  Today, Onyx receives over 10 million visitors to its site each month, nearly three times its closest online competitor, as depicted below. PARTS iD continues to enjoy and expand these results following the merger.



17.     Figure 1 is a graphical representation from a marketing analytics firm of monthly clicks directed at some of the top pure online retailers from 2006 through the present:



FIGURE 1

18.     Figure 2 is a graphical representation of the number of monthly clicks directed at some of the top pure online retailers from 2015 through the present:



FIGURE 2

19.     After Onyx launched its iD® platform in 2008, traditional automotive product retailers such as AutoZone, Advanced Auto Parts, O'Reilly Auto/Pep Boys, and NAPA started to heavily invest in eCommerce.  Specialty brick and mortar retailers, such as 4 Wheel Parts and

others, also followed suit.  Figure 3 is a graphical representation of the performance, expressed in terms of monthly clicks, of the top six traditional retailers' domains from 2006 through the present.



FIGURE 3

20.  Through its concerted campaign to drive its iD® Mark to the center of consumer purchasing for automotive parts and accessories, Onyx has outperformed all traditional retailers online other than AutoZone:



FIGURE 4

21.  Figure 4 is a graphical representation of the number of monthly clicks on the indicated domains from 2015 through the present.

7

22.   To achieve these results, Onyx committed substantial resources to ensure that it would perform relative to its competition, both traditional retailers and the field of pure eCommerce retailers.  Onyx has spent nearly $200 million in marketing its brand. PARTS iD continues this capital expenditure following the merger.

23.   To maintain its position relative to eCommerce and traditional retailers, Onyx has similarly outspent the competition to drive traffic to its iD® Branded platforms, a trend that continues following its merger with PARTS iD.

24.   As a result of its efforts, PARTS iD's online presence exceeds the profiles of its top online competitors:





FIGURE 5

25.   Like the end consumer, most automotive product manufacturers, both OE and AM, associate the iD® brand with PARTS iD and its unique, comprehensive, and reliable eCommerce platform. PARTS iD works with manufacturers and distributors of OE and AM products ("the Brands") to build educational tools and product pages to connect the right customer, with the right

Brand, for the right car.  The Brands associate the iD® Mark with quality service and professional product placement.

26.     The substantial brand power behind the iD® Mark that has been developed for over a decade is reflected in a consistent commercial impression:  When consumers and/or Brands see the iD® Mark with its unique properties and design elements, they know to expect quality, service, and professionalism, deriving from a very specific and distinguishable source.

27.     Leveraging its famous mark and the goodwill customers associate with the iD® brand, Onyx expanded its suite of eCommerce platforms into other complex market product portfolios, a suite that PARTS iD continues to advance following the merger.



28.     For example, Onyx developed and released its MOTORCYCLEiD® mark in July 2018.  Similar to CARiD®, MOTORCYCLEiD® conveys to customers that they can come to Onyx—and MOTORCYCLEiD®—to identify the unique parts and pieces that are suited for that customer's particular motorcycle.

29.     For example, Onyx developed and released its TRUCKiD® mark in July 2018. Similar to CARiD®, TRUCKiD® conveys to customers that they can come to Onyx—and

TRUCKiD®—to identify the unique parts and pieces that are suited for that customer's particular semi-truck or other oversized or commercial vehicle.

30.     Onyx's iD® Mark and the reputation it has developed in association with its iD® trademark and iD® brand have grown based on the quality associated with them.  Consequently, Onyx has registered the following marks: BOATiD®, CAMPERiD®, MOTORCYCLEiD®, POWERSPORTSiD®, RECREATIONiD®, STREETiD®, TOOLSiD®, and TRUCKiD®.  Onyx has launched associated eCommerce platforms utilizing the same trade dress.



| www.BOATiD.com | |
| www.CARiD.com | |

| | |
|---|---|
| [www.CAMPERiD.com](http://www.CAMPERiD.com) |  |
| [www.MOTORCYCLEiD.com](http://www.MOTORCYCLEiD.com) | |
| [www.POWERSPORTSiD.com](http://www.POWERSPORTSiD.com) | |



31.     PARTS iD has secured new domains such as www.RIMSiD.com, www.IDAutoMall.com and www.TireID.com through acquisition and enforcement of its iD® Mark.

32.     Onyx's CARiD® branded services have received consistently high ratings, a trend that continues following the merger with PARTS iD.

33.     PARTS iD has an "Elite" rating of 9.5/10 out of about 102,877 reviews on www.ResellerRatings.com.  Based on the reviews submitted within the last six months, PARTS iD's CARiD® branded services has an average customer service rating of 9.09/10 and a "chance of future purchase" rating of 8.99/10.

34.     PARTS iD has an "A+" rating with the Better Business Bureau.

35.     PARTS iD has a 4.7 out of 5 on Google Reviews based upon just under 10,000 reviews.

36.     PARTS iD's CARiD® Facebook page currently has a 4.4/5 rating out of about 20,088 reviews.

37.     The CARiD® Instagram account currently has approximately 39,000 followers while the CARiD® Facebook account currently has over 2.5 million followers.  The CARiD® YouTube Channel has over 69,100 subscribers and over 35.6 million views.

38.     As a result of its efforts, including its extensive financial investment, Onyx made a substantial amount of sales through its iD® brand in the United States and abroad, a trend that continues with the merger with PARTS iD.  Sales of products sold through CARiD® and other iD® branded services have far exceeded those of PARTS iD's direct competitors in the United States and abroad.

<u>**ONYX'S INTELLECTUAL PROPERTY PROTECTIONS**</u>

39.     In addition to the strong consumer recognition, the iD® brand enjoys substantial state and federal trademark protections given its ubiquitous and consistent use since 2008. PARTS iD  is the registered owner of the federal trademark registration for the stylized "iD" logo (Reg. No. 5658672) for "Wholesale distributorships featuring automotive parts and accessories; retail store services featuring automotive parts and accessories; online retail store services featuring automotive parts and accessories."  *See* Exhibit 1.



40. PARTS iD owns the trademark application for its newly-stylized iD® logo (Reg. No. 5804750) for "Distributorship services featuring parts and accessories for land vehicles and water vehicles; Distributorship services featuring goods for travel and outdoor recreational activities; Distributorship services featuring tools."



41. This application received no opposition and was registered on the Principal Register on July 16, 2019. PARTS iD and Onyx have been using this newly stylized iD® logo in some version in connection with its multiple retail platforms since at least 2013.

42. PARTS iD is the registered owner of the federal trademark, wordmark, and registration for CARiD® (Reg. No. 3711746) for "Wholesale distributorships featuring automotive accessories; retail store services featuring automotive accessories; online retail store services featuring automotive accessories." PARTS iD and Onyx have been using this trademark in connection with its eCommerce platform since at least 2008. For avoidance of doubt, PARTS iD identifies Trademark Registration Nos. 3711746, 5658672, 5804750, 6096254, and 6100524 as the "iD® Mark."

43. PARTS iD owns U.S. Trademark Registrations and pending U.S Trademark Applications for the following marks, copies of which are attached as Exhibit 2:

| MARK | Reg./Ser. No. | Goods & Services |
|---|---|---|
| CARID | Reg. No. 3711746 | IC 035: Wholesale distributorships featuring automotive accessories; retail store services featuring automotive accessories; online retail store services featuring automotive accessories. (Date of First Use: at least as early as March 10, 2009) |

| | Reg. No. 6100524 | IC 035: On-line retail store services featuring a wide variety of consumer goods of others; On-line retail store services featuring automotive parts and accessories; Reseller services, namely, distributorship services in the field of automotive parts and accessories; Wholesale and retail store services featuring automotive parts and accessories; Wholesale and retail store services featuring a wide variety of consumer goods of others. (Date of First Use: at least as early as July 26, 2014) |
|---|---|---|
| | Reg. No. 5804750 | IC 035: Distributorship services featuring parts and accessories for land vehicles and water vehicles; Distributorship services featuring goods for travel and outdoor recreational activities; Distributorship services featuring tools. (Date of First Use: at least as early as June 1, 2018) |
| | Reg. No. 6096254 | IC 035: On-line retail store services featuring a wide variety of consumer goods; On-line retail store services featuring automotive parts and accessories; Reseller services, namely, distributorship services in the field of electronics and apparel; Wholesale and retail store services featuring automotive parts and accessories; Wholesale and retail store services featuring electronics, tools, apparel, goods used for travel and outdoor recreational activities, and parts and accessories for land and water vehicles; Wholesale and retail store services featuring a wide variety of consumer goods. (Date of First Use: at least as early as June 1, 2018) |
| | Reg. No. 5658672 | IC 035: Wholesale distributorships featuring automotive parts and accessories; retail store services featuring automotive parts and accessories; online retail store services featuring automotive parts and accessories. (Date of First Use: at least as early as September 1, 2013) |
| | Ser. No. 87412406 | IC 002: Sealer coatings for use in the sealing of vehicle parts and during vehicle repairs; coatings for industrial purposes, namely, paints, aerosol paints, rust treatment coatings, undercoats in the nature of industrial sealants for waterproofing and surface hardening, insulation coatings, and rubberized coatings in the nature of industrial |

sealants for waterproofing and surface hardening; anti-corrosive oils

IC 003: Chemical cleaners directed to the the vehicle industries; windshield washing fluid; vehicle and car wax preparations

IC 004: Motor vehicle lubricants; Rust penetrant lubricants for vehicle exhaust systems, for hood release cables, for nuts and bolts, for shock absorbers, and other clips and cables of vehicles; penetrating oil; vehicle lubricants; vehicle lubricating greases; lubricating oils; automotive lubricants

IC 007:      Vehicle equipment, namely, engine mufflers, spark plugs, gaskets, and chucks for power-operated drills; metal engine gaskets for vehicles

IC 009:      Batteries for motor vehicles; battery maintenance equipment, namely, cables, lugs, connectors, terminals, hardware, protectors, cable assemblies, bolts, and booster cables; battery chargers for motor vehicles

IC 012: ATVs (all terrain vehicles); automobiles and structural parts therefor; brake discs for motorcycles; motor scooters and structural parts therefor; motorcycle drive chains ; motorcycle foot pegs; motorcycle sprockets; motorcycles and structural parts therefor; motorized bicycles; motorized dirt bikes for motocross and dune buggies; motorized vehicles, namely, go-carts; parts of motorcycles, namely, brake cables; parts of motorcycles, namely, brake calipers; parts of motorcycles, namely, brake levers; parts of motorcycles, namely, brake master cylinder assemblies; parts of motorcycles, namely, brake rotors; parts of motorcycles, namely, clutch cables; parts of motorcycles, namely, clutch master cylinder assemblies; parts of motorcycles, namely, handle bar grips; parts of motorcycles, namely, handle bar throttles; parts of motorcycles, namely, handle bar grips; parts of motorcycles, namely, handle bars; parts of motorcycles, namely, master

| | | |
|---|---|---|
| | | cylinders; parts of motorcycles, namely, shift levers; parts of motorcycles, namely, brake master cylinder assemblies; parts of motorcycles, namely, clutch master cylinder assemblies; vehicle parts, namely, rearview mirrors; push scooters and structural parts therefor<br><br>IC 025: Clothing, namely, t-shirts, sweatshirts, headwear and footwear |
| BOATiD | Reg. No. 5888908 | IC 035: Online retail store services featuring consumer products, electronics, parts and accessories for boats and water vehicles, boat safety, and boat maintenance; computerized online ordering featuring general merchandise and general consumer goods for boats and water vehicles, boat safety, and boat maintenance |
| CAMPERiD | Reg No. 5888909 | IC 035: Online retail store services in the field of outdoor consumer products, equipment, parts and accessories used with, or in association with, recreation vehicles, campers, cooking, towing, and other outdoor recreational activities; Online retail store services in the field of general merchandise and general consumer goods used for outdoor recreational activities |
| MOTORCYCLEiD | Reg. No. 5787890 | IC 035: Online retail store services featuring consumer products, electronics, apparel, protective wear, parts and accessories for motorcycles, dirt bikes, motocross bikes, scooters, and three-wheel bikes; computerized online ordering featuring general merchandise and general consumer goods including those used with motorcycles, dirt bikes, motocross bikes, scooters, and three-wheel bikes (Date of First Use: at least as early as July 1, 2018) |
| POWERSPORTSiD | Reg. No. 5787889 | IC 035: Online retail store services featuring consumer products, electronics, parts and accessories for powersports, namely, boating, snowmobiling, motorcycling, utility terrain vehicles, watercrafts, off-road vehicles, and all-terrain vehicles; computerized online ordering featuring general merchandise and general consumer goods including those used in support of powersports |

| | | (Date of First Use: at least as early as July 1, 2018) |
|---|---|---|
| RACINGiD | Ser. No. 88303678 | IC 035: On-line retail store services featuring a wide variety of consumer goods of others; Online retail store services featuring consumer products, electronics, parts and accessories for land and water vehicles used for racing or high performance travel; Computerized online ordering featuring general consumer merchandise |
| RECREATIONiD | Reg. No. 5888910 | IC 035: Online retail store services in the field of consumer products, shoes, electronics, equipment, parts and accessories used with, or in association with, walking, camping, backpacking, hiking, tailgating, cooking, hunting, fishing, biking, towing, and other outdoor recreational activities; Online retail store services in the field of general merchandise and general consumer goods used for outdoor recreational activities |
| STREETiD | Reg. No. 5850420 | IC 035: On-line retail store services featuring a wide variety of consumer goods of others. |
| TOOLSiD | Reg. No. 5888911 | IC 035: Online retail store services featuring consumer products, electronics, parts and accessories associated with tools, namely, power tools, hand tools, lawn and garden tools, air tools, automotive tools, and construction tools; Online retail store services in the field of general merchandise and general consumer goods used for or with tools |
| TRUCKiD | Reg. No. 5787891 | IC 035: Online retail store services in the field of electronics, consumer products, parts and accessories directed to, or used in association with, trucks, semi-trucks, semi-tractor trailers, fifth wheels, trailers and towing; computerized online ordering featuring general merchandise and general consumer goods for those in the field of trucks, semi-trucks, semi-tractor trailers, fifth wheels, trailers and towing (Date of First Use: at least as early as July 1, 2018) |

44.     Registration No. 3711746 is "incontestable" under § 15 U.S.C. § 1065, and thereby is conclusive evidence of the validity of the registered mark and of PARTS iD's ownership of the mark.

45.     Consequently, its iD**®** brands have become distinctive and well-known in the industry as a symbol of PARTS iD's goodwill with manufacturers, distributors, resellers, industry publications, and consumers of vehicle parts and accessories.  The breadth and scope of PARTS iD's offerings is extensive, and many of the parts comprising a vehicle could be purchased through the platform.  As a result, its stylized iD**®** Mark has become famous and a strong indicator of source and affiliation. PARTS iD also owns valid and subsisting common law rights in the marks depicted below, which PARTS iD has continuously used in interstate commerce for many years:





46.     Onyx enforced its intellectual property rights to ensure the integrity and strength of its iD® brands.  *See, e.g.*, *Onyx Enters. Int'l, Corp. v. Guangzhou Zezhong Elecs. Co., Ltd.*, No. 1:18-cv-03226 (D. Colo. filed Dec. 14, 2018) and *Onyx Enters. Int'l, Corp. v. Sloan Int'l Holdings Corp.*, No. 0:20-cv-60871-RKA (S.D. Fla. filed Apr. 29, 2020).

<u>**DEFENDANT'S ACTS OF INFRINGEMENT**</u>

47.     On November 2, 2008, Mr. Peter Noble registered an LLC in Massachusetts under the name "TDIParts LLC."

48.     On or about December 15, 2009—after Onyx launched its first iD® branded e-commerce site at www.CARiD.com—Mr. Noble filed a Certificate of Amendment with the Massachusetts Secretary of the Commonwealth, amending the name of the LLC from "TDI Parts LLC" to "IDPARTS LLC."

49.     Upon information and belief, after its incorporation and subsequent name change, ID Parts began to operate and control the www.idparts.com website, its social media accounts, and to provide retail services for automotive parts and accessories under the infringing www.idparts.com domain name.

50.     Upon information and belief, ID Parts is the registered owner of the www.idparts.com website.

20

51.     Upon information and belief, ID Parts had full knowledge of Plaintiff's ownership of the iD® Mark, including Plaintiff's use of the following stylized marks on or about the dates indicated:



52.     Upon information and belief, ID Parts had full knowledge of Plaintiff's ownership of the iD® Mark, including Plaintiff's exclusive rights to use and license such intellectual property and the goodwill associated therewith.

53.     On October 3, 2014, ID Parts applied to register its infringing ID mark: (the "Infringing ID Mark") on the principal register with the United States Patent and Trademark Office under Serial No. 86414309.

54.     On July 21, 2019, the USPTO issued a non-final office action informing ID Parts that registration of its Infringing ID Mark was refused due to a likelihood of confusion in the market between Defendant's Infringing ID Mark and Plaintiff's iD® Mark. *See* Exhibit 3.  ID Parts did not file a response to the office action, and the mark was deemed abandoned by the USPTO on April 14, 2020.

55.     Despite receiving a non-final office action of refusal specifically stating that there is a likelihood of confusion between the Infringing ID Mark and Plaintiff's iD® Mark, and receiving a Notice of Abandonment from the USPTO, ID Parts continues to use its Infringing ID Mark to distribute and sell identical and/or similar automotive parts and accessories as PARTS iD.

56.     ID Parts has marketed, and continues to market, its retail services for automotive parts and accessories into the same channels of trade as PARTS iD and to the same types of consumers.

57.     The www.idparts.com website, social media accounts, and marks directly incorporate Plaintiff's iD® Mark and are identical in spelling and sound to Plaintiff's iD® Mark, and often duplicate the color scheme as used by PARTS iD, which is depicted in the below side-by-side comparisons:

| Plaintiff's iD® Mark | Defendant's Infringing ID Mark |
|---|---|
|   (as depicted on www.CARiD.com; Reg. No. 6100524)  CARID (Reg. No. 3711746 CARID)  |   (as used on www.idparts.com on 06/15/2020) |

(Reg. No. 5804750)



(Reg. No. 6096254)

(as depicted on www.CARiD.com)

(as depicted on www.BOATiD.com)

(as depicted on www.CAMPERiD.com)

(as depicted on www.MOTORCYCLEiD.com)

(as depicted on www.POWERSPORTSiD.com)

(as depicted on www.RECREATIONiD.com)

(as depicted on www.TOOLSiD.com)

(as depicted on www.TRUCKiD.com)



(Reg. No. 5658672)

(as currently used for the www.carid.com website thumbnail)

(as currently used for the www.idparts.com website thumbnail)

(as used on the CARiD® Facebook Account on May 31, 2020)

(as used on ID Parts Facebook Account on May 31, 2020)

(as depicted in the current CARiD Instagram account)

(as depicted in the current ID Parts Facebook Account cover photo)

(as depicted in the current ID Parts Instagram account)




| (as depicted on the current CARiD Twitter account profile) | (as depicted on the current ID Parts Twitter account profile) |

58.     True and correct copies of the website screenshots for PARTS iD's current CARiD, BOATiD, CAMPERiD, MOTORCYCLEiD, POWERSPORTSiD, RECREATIONiD, TOOLSiD, and TRUCKiD websites depicting the above-referenced complimentary iD® Marks are attached as Exhibit 4.

59.     A true and correct copy of the website screenshot for the www.idparts.com website, as captured on May 31, 2020, is attached as Exhibit 5.  A true and correct copy of the website screenshot showing the thumbnail from the current www.idparts.com website is attached as Exhibit 6.  True and correct copies of the website screenshots for the ID Parts Facebook, Instagram, and Twitter accounts are attached as Exhibit 7.

60.     Upon information and belief, ID Parts initially created the www.idparts.com website and name with the intention of creating consumer confusion and passing off the www.idparts.com retail service as being associated with Plaintiff's iD® Mark.

61.     At all relevant times, PARTS iD began using its iD® Mark, namely Reg. No. 3711746, prior to Defendant's use of its Infringing ID Mark utilizing the term "ID".

62.     ID Parts has acted purposefully and in bad faith to usurp the substantial goodwill that PARTS iD has developed under its iD® Mark to confuse and deceive consumers into believing that the www.idparts.com website and services are in some way affiliated or connected to Plaintiff's iD® brand when it is not.

63.     ID Parts has made and will continue to make substantial profits and gains off of the goodwill and value PARTS iD has acquired through their iD® Mark, to which ID Parts is not in law or equity entitled.

64.     PARTS iD is not affiliated or connected with ID Parts or its services, nor has PARTS iD endorsed or sponsored ID Parts or its services.

65.     PARTS iD has not in any way authorized Defendant's use of Plaintiff's iD® Mark or its likeness.

66.     PARTS iD has no control over the nature and quality of the services or goods that ID Parts provides through the www.idparts.com website or under the Infringing ID Mark.

67.     Upon information and belief, ID Parts does not provide services through the infringing www.idparts.com website or Infringing ID Mark that meet the high standard and quality that consumers have come to associate with Plaintiff's iD® Mark.

68.     Defendant's use of the infringing www.idparts.com website and the Infringing ID Mark have harmed, and will continue to cause harm, to the goodwill symbolized by Plaintiff's iD® Mark and the reputation for quality and excellence that it embodies.

69.     On March 30, 2020, shortly after discovering Defendant's use of the infringing www.idparts.com website and the Infringing ID Mark, Plaintiff notified ID Parts of its rights in its

iD® Mark and requested that ID Parts cease using the infringing www.idparts.com website and iD® Mark.  *See* Exhibit 8.  ID Parts acknowledged receipt of the notice via e-mail reply on April 14, 2020.  *See* Exhibit 9. Plaintiff communicated with ID Parts again on May 7, 2020 to again request it cease and desist its unlawful use of Plaintiff's iD® Mark (Exhibit 10), but ID Parts did not reply to or acknowledge this second notice.

70.     Rather than cease using the infringing www.idparts.com website and the Infringing ID Mark as requested, ID Parts failed to respond any further to Plaintiffnyx's attempts to negotiate and has not changed anything on the its infringing www.idparts.com website.

71.     ID Parts continues to advertise, market, and sell competing automotive parts and accessories in the same industry and through the same channels of trade as PARTS iD using its infringing www.idparts.com website and Infringing ID Mark.

72.     Absent injunctive relief, PARTS iD will continue to suffer irreparable harm in the loss of control of its reputation and goodwill in its iD® Mark.

73.     This and all other damage to PARTS iD's reputation and goodwill in its iD® Mark and brand resulting from the conduct alleged in this action cannot be easily quantified nor could it be undone through an award of money damages alone.

## COUNT I

**Federal Trademark Infringement of U.S. Trademark Reg. Nos. 3711746, 5658672, 5804750, 6096254, and 6100524 in Violation of 15. U.S.C. § 1114(1)**

74.     PARTS iD incorporates the allegations in Paragraphs 1 through 73 as if fully set forth herein.

75.     PARTS iD is the owner of all right, title, and interest in, to and under its iD® Mark, specifically Trademark Reg. Nos. 3711746, 5658672, 5804750, 6096254, and 6100524, and all goodwill appurtenant thereto.

76.     PARTS iD's federal registrations on the Principal Register are prima facie evidence of validity and PARTS iD's exclusive right to use the marks pursuant to 15 U.S.C. § 1115.

77.     Plaintiff's iD® Mark has been continuously and widely used by PARTS iD nationwide, abroad, and on its eCommerce platforms. PARTS iD intends to preserve and maintain its rights to, and continued use of, the iD® Mark.

78.     Without PARTS iD's consent, ID Parts has used, and continues to use, reproductions, copies, or colorable imitations of PARTS iD's identified marks mark in connection with the sale, offering for sale, distribution, or advertising of goods or services on orin interstate commerce in connection with the promotion, advertisement, and operation of identical distributorship and retail store services, and specifically automotive products.

79.     Defendant's unauthorized use of Plaintiff's iD® Mark, and/or confusingly similar variations thereof, is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that ID Parts is affiliated, connected, or associated with Plaintiff's iD® Mark.

80.     The acts of ID Parts as alleged herein and above constitute trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

81.     ID Parts has engaged in this conduct knowingly, willfully, and in bad faith, in total disregard of PARTS iD's proprietary rights.   Even though ID Parts received notice of its infringement, ID Parts intentionally and willfully continues their unauthorized use of Plaintiff's iD® Mark. PARTS iD is therefore entitled to statutory and treble damages.

82.     Defendant's unlawful actions have caused and are continuing to cause PARTS iD irreparable injury and monetary damages.

83.     As a direct and proximate result of Defendant's conduct, PARTS iD has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill.

84.     PARTS iD has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, PARTS iD will continue to suffer irreparable harm and injury.

85.     PARTS iD is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to 15 U.S.C. §§ 1114 and 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
### Unfair Competition and False Designation of Origin in Violation of 15. U.S.C. § 1125(a)

86.     PARTS iD incorporates the allegations in Paragraphs 1 through 85 as if fully set forth herein.

87.     PARTS iD is the owner of all right, title, and interest in, to and under its iD® Mark, and all goodwill appurtenant thereto.

88.     Plaintiff's iD® Mark has been continuously and widely used by PARTS iD nationwide, abroad, and on its eCommerce platforms. PARTS iD intends to preserve and maintain its rights to the iD® Mark and to continue the use of the iD® Mark in connection with its distributorship and retail store services relating to the distribution and sale of automotive products.

89.     By virtue of the renown of the iD® Mark, the iD® Mark has developed secondary meaning and significance in the mind of the relevant public.  Goods and services associated with the iD® Mark are immediately associated by the purchasing public with Plaintiff's iD® Mark and its automotive product-based eCommerce platforms.

90.     Without PARTS iD's consent, ID Parts has used, and continues to use PARTS iD's iD® Mark or confusingly similar variations thereof, in interstate commerce in connection with the promotion, advertisement, and operation of identical distributorship and retail store services, and specifically automotive products.

91.     Defendant's unauthorized use of PARTS iD's iD® Mark, and/or confusingly similar variations thereof, is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that ID Parts is affiliated, connected, or associated with Plaintiff's iD® Mark.

92.     The acts of ID Parts as alleged herein and above constitute unfair competition and/or false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

93.     ID Parts has engaged in this conduct knowingly, willfully, and in bad faith, in total disregard of PARTS iD's proprietary rights.  Even though ID Parts received notice of its infringement, ID Parts intentionally and willfully continues their unauthorized use of Plaintiff's iD® Mark. PARTS iD is therefore entitled to statutory and treble damages.

94.     Defendant's conduct has deprived PARTS iD of its rightful ability to control the quality of goods and services uniquely associated with Plaintiff's iD® Mark and to ensure that their associated, valuable goodwill, and reputation are protected.  Defendant's unlawful actions have caused and are continuing to cause PARTS iD irreparable injury and monetary damages.

95.     As a direct and proximate result of Defendant's conduct, PARTS iD has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill.

96.     PARTS iD has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, PARTS iD will continue to suffer irreparable harm and injury.

97.     PARTS iD is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to 15 U.S.C. § 1114 and 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

**COUNT III**
**Trademark Infringement in Violation of Massachusetts Common Law**

98.     PARTS iD incorporates the allegations in Paragraphs 1 through 97 as if fully set forth herein.

99.     PARTS iD is the owner of valid common law rights in the iD® Mark which it has used continuously and in connection with PARTS iD's goods and services prior to Defendant's unauthorized use of the Infringing ID Mark.

100.    Defendant's conduct as set forth above constitutes trademark infringement in violation of Massachusetts common law.

101.    ID Parts is promoting and otherwise advertising its automotive retail store services under marks that are identical or confusingly similar variations of Plaintiff's iD® Mark.

102.    Defendant's use of its Infringing ID Mark is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Defendant's goods and services in that consumers and others are likely to believe Defendant's goods and services are legitimately connected with or approved by PARTS iD and/or its iD® brands in violation of Massachusetts common law.

103.    ID Parts has engaged in this conduct knowingly, willfully, and in bad faith.

104.    Defendant's unlawful actions have caused and are continuing to cause PARTS iD irreparable injury and monetary damages.

105.    As a direct and proximate result of Defendant's conduct, PARTS iD has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill, in an amount as yet not fully ascertained.

106.    PARTS iD has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, PARTS iD will continue to suffer irreparable harm and injury.

## COUNT IV
### Unfair Competition in Violation of Massachusetts Common Law

107.    PARTS iD incorporates the allegations in Paragraphs 1 through 106 as if fully set forth herein.

108.    Plaintiff's iD® Mark have become well and favorably known throughout the United States, including the Commonwealth of Massachusetts.

109.    Defendant's conduct as set forth above constitute unfair competition, false representation, and/or false designation of origin, which are have and/or are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with

PARTS iD and/or its iD® Mark, brands, or origin, sponsorship, or approval of the infringing ID Parts services by PARTS iD and/or its iD® and brands in violation of PARTS iD's rights at common law and under the law of the Commonwealth of Massachusetts.

110.    ID Parts engaged in this conduct knowingly, willfully, and in bad faith.

111.    Defendant's intentional and willful actions have caused and are continuing to cause PARTS iD irreparable injury and monetary damages.

112.    As a direct and proximate result of Defendant's conduct, PARTS iD has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill, in an amount as yet not fully ascertained.

113.    PARTS iD has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, PARTS iD will continue to suffer irreparable harm and injury.

## <u>COUNT V</u>
### **Deceptive Trade Practices in Violation of G.L.c. 93(a) § 2**

114.    PARTS iD incorporates the allegations in Paragraphs 1 through 113 as if fully set forth herein.

115.    Defendant's conduct as set forth above constitutes deceptive trade practices in violation of G.L.c. 93(a) § 2.

116.    Defendant's use of PARTS iD's iD® Mark and confusingly similar variations thereof, falsely suggests PARTS iD and/or its iD® brands as the source of Defendant's goods and services.

117.    In the course of Defendant's business, ID Parts has and continues to make false representations as to the source, sponsorship, approval, or certification of goods and services

provided by ID Parts in order to deceive consumers into believing that Defendant's' goods and services are sponsored, approved, or certified by PARTS iD and/or its iD® Mark of brands in violation of Massachusetts common law.

118.     In the course of Defendant's business, ID Parts has and continues to make false representations to deceive consumers into believing that Defendant's and/or their goods and services are affiliated, connected, or associated with PARTS iD and/or its iD® brands.

119.     ID Parts has engaged in this conduct knowingly, willfully, and in bad faith and accordingly the Defendant's conduct in this regard was immoral or otherwise unscrupulous.

120.     Defendant's actions have caused and will continue to cause confusion among unsuspecting consumers familiar with the iD® Mark and brands, which are used to identify PARTS iD's goods and services, and thereby significantly impact the public as actual or potential consumers.

121.     Defendant's unlawful actions have caused and are continuing to cause PARTS iD irreparable injury and monetary damages.

122.     As a direct and proximate result of Defendant's conduct, PARTS iD  has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill, in an amount as yet not fully ascertained.

123.     PARTS iD has no adequate remedy at law and, if Defendant's activities are not preliminarily and permanently enjoined, PARTS iD will continue to suffer irreparable harm and injury.

124.     PARTS iD is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to G.L.c. 93(a) § 9(3A).

## PRAYER FOR RELIEF

WHEREFORE, PARTS iD prays for judgment and relief against ID Parts as follows:

A.      For preliminary and permanent injunctive relief enjoining ID Parts and any principals, agents, servants, employees, successors and assigns of ID Parts and all those in privity, concert or participation with ID Parts from:

> (i)  imitating, copying, duplicating or otherwise making any use of Plaintiff's iD® Mark or any mark confusingly similar to Plaintiff's iD® Mark;

> (ii) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered or sold by ID Parts is sponsored, endorsed, connected with, approved or authorized by PARTS iD;

> (iii) causing likelihood of confusion or injury to PARTS iD's business reputation and to the distinctiveness of the Plaintiff's iD® Mark by unauthorized use of the iD® Mark or any mark confusingly similar to the iD® Mark;

> (iv) engaging in any other activity constituting unfair competition or infringement of Plaintiff's iD® Mark or PARTS iD's rights in, or to use, or to exploit the same;

> (v) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (v) above.

B.      Find that ID Parts has infringed upon Plaintiff's iD® Mark in violation of federal and common law and damaged PARTS iD's goodwill by its conduct.

C.      Find that ID Parts has unfairly competed with PARTS iD by the acts complained of herein in violation of federal law and common law.

D.      Find that the acts of ID Parts constitute a violation of the G.L.c. 93(a) § 2.

E.      For an order requiring the transfer of the infringing website, www.idparts.com, to PARTS iD.

F.      For an order requiring ID Parts to remove any and all references to the iD® Mark, including any company or account names, logos, photographs or videos, and/or any other posts or references, from the Internet and social media outlets, such as Facebook, Instagram, and Twitter.

G.      Find ID Parts liable and award to PARTS iD monetary damages in an amount to be fixed by the Court in its discretion as just, including all of the Defendant's profits or gains of any kind, resulting from Defendant's willful infringement, and/or acts of unfair competition, said amount to be trebled and exemplary damages where applicable in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117, G.L.c. 93(a) § 9(3A), and the common law of the Commonwealth of Massachusetts;

H.      Award to PARTS iD statutory damages to the full extent permitted by law;

I.      Award to PARTS iD its attorneys' fees, due to the exceptional nature of this case, and all of PARTS iD's costs and expenses of litigation pursuant to 15 U.S.C. § 1117(a) and G.L.c. 93(a) § 9(3A).

J.      Award to PARTS iD pre-judgment and post-judgment interest;

K.      Grant to PARTS iD  such other and further relief as the Court may deem just, proper and equitable under the circumstances.

### JURY DEMAND

PARTS iD demands a trial by jury on all issues so triable.

Dated: January 22, 2021                    Respectfully submitted,

                                           /s/ Aaron Bradford
                                           Aaron P. Bradford, *pro hac vice*
                                           Mishele Kieffer, *pro hac vice*
                                           Nina P. Brewer
                                           BRADFORD, LTD
                                           2701 Lawrence Street
                                           Denver, CO 80205
                                           (303) 325-5467
                                           Aaron@apb-law.com
                                           Mishele@apb-law.com
                                           Nina@apb-law.com

                                           Daniel J. Cloherty (BBO #565772)
                                           Christian G. Kiely (BBO #684308)
                                           TODD & WELD LLP
                                           One Federal Street, 27th Floor
                                           Boston, MA 02110
                                           (617) 720-2626
                                           dcloherty@toddweld.com
                                           ckiely@toddweld.com

                                           *Attorneys for PARTS iD, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 22, 2021 a true and correct copy of the foregoing **PLAINTIFF**

**PARTS iD'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE**

**RELIEF** was served via email on the following:

John Strand
jstrand@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210

*Counsel for IDParts LLC*


*/s/ Vonda Westlake*_____