IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARTS ID, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>IDPARTS LLC,<br><br>    Defendant. | Civil Action No. 20-cv-11253-ADB<br><br>**PUBLIC VERSION** |
| IDPARTS LLC,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>PARTS ID, LLC and PARTS ID, INC.,<br><br>    Counterclaim Defendants. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE
OR ARGUMENT RELATING TO NON-PARTY VOLKSWAGEN**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1
II. PLAINTIFF'S FICTION ABOUT DEFENDANT'S ALLEGED "COLLUSION" WITH VW SHOULD BE EXCLUDED ............................................................... 1
   A. Background ............................................................................................... 1
   B. Argument ................................................................................................... 2
III. PLAINTIFF'S DISPUTE WITH VW SHOULD BE EXCLUDED ..................... 6
IV. PLAINTIFF SHOULD BE PRECLUDED FROM DISCUSSING OR REFERENCING VW'S PRE-SUIT CONDUCT AND CORRESPONDENCE ............... 7
V. CONCLUSION ..................................................................................................... 9

## **TABLE OF AUTHORITIES**

**CASES**

*Affiliati Network, Inc. v. Wanamaker*,
    No. 1:16-cv-24097, 2017 WL 8784853 (S.D. Fla. Aug. 23, 2017) ............................................ 6

*Anywherecommerce, Inc. v. Ingenico Inc.*,
    No. 19-cv-11457, 2022 WL 2818321 (D. Mass. Feb. 3, 2022) ................................................. 1

*Cavallaro v. United States*,
    284 F.3d 236 (1st Cir. 1989) .................................................................................................... 2

*DataTreasury Corp. v. Wells Fargo & Co.*,
    No. 2:06-cv-72, 2010 WL 11538713 (E.D. Tex. Feb. 26, 2010) .......................................... 3, 4

*Ellicott v. Am. Cap. Energy, Inc.*,
    No. 14-cv-12152, 2016 WL 7428222 (D. Mass. Dec. 23, 2016) ............................................. 7

*Fuma Int'l, LLC v. R.J. Reynolds Vapor Co.*,
    No. 1:19-cv-260, 2021 WL 9541400 (M.D.N.C. Oct. 4, 2021) ............................................ 3, 4

*In re Intuniv Antitrust Litig.*,
    Nos. 16-cv-12653, 16-cv-12396, 2021 WL 10362709 (D. Mass. Mar. 3, 2021) ...................... 4

*Kinan v. City of Brockton*,
    876 F.2d 1029 (1st Cir. 1989) .................................................................................................. 7

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
    383 F.3d 1337 (Fed. Cir. 2004) ................................................................................................ 4

*Koch Materials Co. v. Shore Slurry Seal, Inc.*,
    No. 01-cv-2059, 2005 WL 6043428 (D.N.J. June 14, 2005) .................................................... 6

*Newhart v. Lasky*,
    No. 3:04-cv-2513, 2007 WL 4618557 (M.D. Pa. Apr. 25, 2007) ............................................ 6

*Onyx Enterprises Int'l Corp. v. Volkswagen Grp. of Am., Inc.*,
    No. 3:20-cv-09976-ZNQ-DEA (D.N.J. Apr. 9, 2021) .............................................................. 1

*Onyx Enterprises Int'l Corp. v. Volkswagen Grp. of Am., Inc.*,
    No. 3:20-cv-09976-ZNQ-DEA (D.N.J. Aug. 3, 2020) ............................................................. 1

*Partylite Gifts, Inc. v. MacMillan*,
    No. 8:10-cv-1490, 2012 WL 13059665 (M.D. Fla. Sept. 13, 2012) ......................................... 3

*Sensormatic Elecs. Corp. v. WG Sec. Prod., Inc.*,
    No. 2:04-cv-167, 2006 WL 5111113 (E.D. Tex. June 5, 2006) ............................................... 4

*Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*,
   No. 18-cv-12029, 2022 WL 10489059 (D. Mass. Oct. 17, 2022) .............................................. 7

*United States v. Bay State Ambulance & Hosp. Rental Serv.*,
   874 F.2d 20 (1st Cir. 1989) ...................................................................................................... 2

*Velcro Indus. B.V. v. Taiwan Paiho Ltd.*,
   No. 04-cv-242, 2005 WL 2573383 (D.N.H. Oct. 12, 2005) ..................................................... 6

*Wendel v. Int'l Real Est. News, LLC*,
   No. 19-cv-21658, 2020 WL 13421523 (S.D. Fla. June 29, 2020) ............................................ 5

*Wonderland Nurserygoods Co. v. Thorley Indus., LLC*,
   No. 12-cv-196, 2014 WL 289446 (W.D. Pa. Jan. 22, 2014) .................................................... 5

**RULES**

Fed. R. Evid. 403 ..................................................................................................................... 3, 4

PUBLIC VERSION

## I.  INTRODUCTION

Plaintiff plans to insert non-party Volkswagen AG ("VW") into the trial in numerous ways, including by falsely claiming that VW is "colluding" with Defendant to allegedly deprive Plaintiff of its rights and by discussing Plaintiff's litigation against VW. Plaintiff's claims about VW are highly prejudicial and have no bearing on the claims and defenses of the parties to this action. Plaintiff should not be permitted to confuse the jury by inserting its dispute with VW into this trial. As described in detail below, all references to VW should be excluded at trial on grounds of prejudice, relevance, and juror confusion.

## II.  PLAINTIFF'S FICTION ABOUT DEFENDANT'S ALLEGED "COLLUSION" WITH VW SHOULD BE EXCLUDED

### A.  Background

[redacted]

In June 2020, Plaintiff filed the instant suit against Defendant in Massachusetts. In August 2020, Plaintiff separately sued VW in New Jersey.[2] Because Plaintiff seeks to enjoin both Defendant and VW from using their respective ID marks, Defendant and VW share a common interest privilege. *Anywherecommerce, Inc. v. Ingenico Inc.*, No. 19-cv-11457, 2022 WL 2818321, at *4-5 (D. Mass. Feb. 3, 2022) ("The common-interest doctrine, sometimes

---

[1] Lettered exhibits referenced herein are attached to the Decl. of John L. Strand, Esq. filed herewith.

[2] *See* Compl., *Onyx Enterprises Int'l Corp. v. Volkswagen Grp. of Am., Inc.*, No. 3:20-cv-09976-ZNQ-DEA, (D.N.J. Aug. 3, 2020), Dkt. 1. That case has been stayed pending the outcome of this action. *See* Order Granting Mot. to Stay, *Onyx Enterprises Int'l Corp. v. Volkswagen Grp. of Am., Inc.*, No. 3:20-cv-09976-ZNQ-DEA, (D.N.J. Apr. 9, 2021), Dkt. 51.

referred to as the joint defense privilege, . . . applies when parties share a substantially identical interest in the subject matter of a legal communication."), citing *Cavallaro v. United States*, 284 F.3d 236, 250 (1st Cir. 1989); *United States v. Bay State Ambulance & Hosp. Rental Serv.*, 874 F.2d 20, 28 (1st Cir. 1989) ("The joint defense privilege protects communications between an individual and an attorney for another when the communications are part of an on-going and joint effort to set up a common defense strategy.") (internal citation omitted). Accordingly, Defendant did not produce correspondence with VW regarding their respective litigations on privilege grounds, as reflected in Defendant's privilege log. Ex. H at 10 (Entry No. 121).

Plaintiff has selected the VW Documents and Defendant's privilege log entry related to VW as trial exhibits. Plaintiff intends to use these documents to tell the jury a false story, that:

- "Defendant joined forces with VW to attempt to nullify Plaintiff's trademark rights in early 2020" (Dkt. 101 at 15),

- "ID Parts entered into a common interest relationship with VW to attempt to undermine PARTSiD's trademark rights…" (Dkt. 110 at 4), and

- "This lawsuit was initiated when it became apparent that ID Parts and VW were collaborating pursuant to this agreement to undermine PARTSiD's trademarks…" *Id.*

Nothing could be further from the truth as Defendant and VW are the victims here. Plaintiff is the sole aggressor, seeking to stop both Defendant and VW from using their own respective ID marks. Because Defendant and VW wish to continue to coexist, along with the hundreds (if not thousands) of other ID marks in the marketplace, they share a legal common interest in opposing Plaintiff's attacks on their rights.

### B.    Argument

Plaintiff's collusion story should be excluded as unsupported, highly prejudicial, likely to lead to juror confusion, and irrelevant to the claims and defenses in this case.

2

There is no evidence of "collusion" to "nullify Plaintiff's trademark rights." The VW Documents do not evidence any collusion; ████████████████████████████ ████████████████████████████. Plaintiff's bald, unsupported allegations that VW and Defendant were "colluding" are insufficient to establish that the VW Documents are somehow relevant to this litigation. *See Fuma Int'l, LLC v. R.J. Reynolds Vapor Co.*, No. 1:19-cv-260, 2021 WL 9541400, at *1 (M.D.N.C. Oct. 4, 2021) (precluding parties from referencing any pre-suit communications regarding a proposed business deal because the Court found it "difficult to see how these emails will be relevant, and [Defendant's] assertion that the communications are relevant . . . is unpersuasive in the abstract.").

Nor does Defendant's privilege log suffice as evidence to show "collusion" to "nullify Plaintiff's trademark rights," only that Defendant and VW have had discussions regarding defending themselves against Plaintiff's attacks. Courts routinely exclude evidence showing common interest relationships under Fed. R. Evid. 403 because such evidence presents a significant danger of unfair prejudice. *See DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, 2010 WL 11538713, at *22 (E.D. Tex. Feb. 26, 2010) ("On balance, any probative value of discussing the joint defense privilege or an actual joint defense agreement is substantially outweighed by the danger of unfair prejudice."); *Partylite Gifts, Inc. v. MacMillan*, No. 8:10-cv-1490, 2012 WL 13059665, at *1 (M.D. Fla. Sept. 13, 2012) ("[E]ven if the Common Interest had some limited probative value on the issues of liability (*i.e.*, intent and knowledge), any such probative value is substantially outweighed by the unfair prejudice [Defendant] would faced [sic] if such evidence was admitted at trial.").

The introduction of Defendant's privilege log to a jury would be confusing and could lead the jury to mistakenly believe Defendant is improperly withholding damaging documents.

This is why Courts routinely exclude privilege logs from the jury under Fed. R. Evid. 403. *See In re Intuniv Antitrust Litig.*, Nos. 16-cv-12653, 16-cv-12396, 2021 WL 10362709, at *18 (D. Mass. Mar. 3, 2021) (precluding Plaintiffs from using Defendants' privilege log to "argue or imply that such consultation [with an attorney] or the fact of a privilege log necessarily reflects misconduct"); *Sensormatic Elecs. Corp. v. WG Sec. Prod., Inc.*, No. 2:04-cv-167, 2006 WL 5111113, at *1 (E.D. Tex. June 5, 2006) (granting motion *in limine* to preclude use of privilege log in front of the jury); *see also Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) (inappropriate for the trier of fact to draw an adverse inference from an assertion of a legally recognizable privilege); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, 2010 WL 11538713, at *21 (E.D. Tex. Feb. 26, 2010) (agreeing with Defendant that "any tenuous probative value of [referencing] the joint defense is substantially outweighed by the dangers of allowing Plaintiff to argue that 'the presence of a joint defense privilege equates to a group of defendants acting together in a conspiracy and agreeing to lie for each other.'").

Presenting this story of alleged collusion and the VW Documents to a jury would be highly prejudicial and confusing. Collusion is unseemly and casts a negative light on those colluding. The accusation that Defendant and VW colluded to deprive Plaintiff of its trademark rights is highly charged and reeks of malfeasance. These unsupported accusations are inflammatory and highly prejudicial. 2010 WL 11538713 at *22 (granting motion *in limine* to preclude evidence of a common interest because "allegations of 'conspiracy' based on the common interest privilege would burden that privilege"); *see also Fuma Int'l, LLC v. R.J. Reynolds Vapor Co.*, No. 1:19-cv-260, 2021 WL 9541400, at *1 (M.D.N.C. Oct. 4, 2021) (evidence of a potential pre-suit business deal "give[s] rise to substantial Rule 403 concerns").

Case 1:20-cv-11253-ADB   Document 143   Filed 09/08/23   Page 9 of 15
PUBLIC VERSION

If Plaintiff is permitted to claim at trial that Defendant is colluding with VW, the trial will become an extremely complicated trial-within-a-trial because Defendant will be forced to explain to the jury why its communications with VW are privileged, why such communications do not amount to collusion, and that collusion is not even a claim being litigated. Defendant then would be forced to explain the VW suit and likely explore with the jury the weaknesses of Plaintiff's claims in that suit. All of this would be confusing and distracting for the jury. *See Wonderland Nurserygoods Co. v. Thorley Indus., LLC*, No. 12-cv-196, 2014 WL 289446, at *2 (W.D. Pa. Jan. 22, 2014) (excluding evidence regarding other litigations because "any tangential probative value derived from the evidence of the [other] litigation is substantially outweighed by the danger of jury confusion and a mini-trial on the merits of the [other] litigation."); *Wendel v. Int'l Real Est. News, LLC*, No. 19-cv-21658, 2020 WL 13421523, at *4 (S.D. Fla. June 29, 2020) (explaining that admitting evidence of a common interest agreement at trial would cause unfair prejudice to Plaintiff in part because "[s]uch evidence would clearly result in the expenditure of significant litigation time on issues completely unrelated to Plaintiff's claims and the inevitable result of having to conduct several 'mini-trials' within this trial.").

Even if Defendant and VW were "colluding," such collusion is irrelevant to the claims and defenses in this case. The trademark infringement claims will rise and fall through an analysis of the likelihood of confusion factors regarding the parties' respective uses of their ID marks. Any alleged collusion with VW is irrelevant to these factors. *See Wendel*, 2020 WL 13421523 at *4 (granting motion *in limine* to preclude evidence of a common interest because "[t]he Court finds that the mere fact that Plaintiff and [a third party] entered into a common interest agreement after the alleged events in this action is simply not relevant to [the third party]'s or Plaintiff's actions at the time of their alleged misconduct.").

Plaintiff's false collusion story, and associated evidence of Defendant's prior discussions and common interest with VW, should be excluded from trial as highly prejudicial, irrelevant to the claims at issue, and likely to cause juror confusion.

### III.  PLAINTIFF'S DISPUTE WITH VW SHOULD BE EXCLUDED

Plaintiff intends to introduce evidence at trial that it has sued VW for trademark infringement (*see, e.g.*, Dkt. 110 at 2-6) and, in meet and confer discussions between counsel, has refused to agree not to raise the VW lawsuit. The separate litigation against VW is irrelevant here – it involves different parties, a different mark (ID.4) and different goods (motor vehicles). Plaintiff's case against VW does not contain any allegations against Defendant. The fact that Plaintiff has sued more than one party is irrelevant to whether Defendant infringes any valid mark of Plaintiff. Moreover, that litigation was stayed early, so no rulings have issued that could bear upon any issues here. The Court should thus preclude Plaintiff from bringing up the VW litigation at trial. *See Velcro Indus. B.V. v. Taiwan Paiho Ltd.*, No. 04-cv-242, 2005 WL 2573383, at *6 (D.N.H. Oct. 12, 2005) (precluding evidence of other litigations where defendant "wishe[d] to use the evidence for an improper purpose, rather than to show the existence or the nonexistence of any fact at issue in this case"); *Affiliati Network, Inc. v. Wanamaker*, No. 1:16-cv-24097, 2017 WL 8784853, at *5 (S.D. Fla. Aug. 23, 2017) (granting motion to preclude evidence of other litigations filed by plaintiff "especially in light of well-settled case law holding that '***evidence of other lawsuits is not normally permitted in jury trials***'") (internal citation omitted); *Koch Materials Co. v. Shore Slurry Seal, Inc.*, No. 01-cv-2059, 2005 WL 6043428, at *1 (D.N.J. June 14, 2005) (granting motion to preclude evidence of other litigations); *Newhart v. Lasky*, No. 3:04-cv-2513, 2007 WL 4618557, at *2 (M.D. Pa. Apr. 25, 2007) (same).[3]

---

[3] Emphasis added throughout unless otherwise noted.

Moreover, Courts routinely exclude mention of other litigations as being confusing to the jury, causing the jury to decide two cases instead of one, and wasting time. *See Ellicott v. Am. Cap. Energy, Inc.*, No. 14-cv-12152, 2016 WL 7428222, at *7 (D. Mass. Dec. 23, 2016) ("Given the similarities between the two proceedings, it is possible that evidence concerning the Hagan lawsuit may be probative of some of the issues presented here. However, that evidence, even if marginally relevant, should be excluded under Rule 403. Such evidence may mislead the jury and waste time . . . ."); *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989) (finding that "introducing evidence of the [] other cases would inevitably result in trying those cases, or at least portions of them, before the jury … [t]he merits of the [] other cases would become inextricably intertwined with the case at bar … [t]he result would be confusion and the consumption of a great deal of unnecessary time."); *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, No. 18-cv-12029, 2022 WL 10489059, at *5 (D. Mass. Oct. 17, 2022) (excluding evidence relating to another litigation because the limited relevance is significantly outweighed in part by the risk of confusion).

Plaintiff's dispute with VW has no place in this trial. The Court should preclude Plaintiff from introducing argument and evidence relating to Plaintiff's case against VW under Fed. R. Evid. 402 and 403.

## IV. PLAINTIFF SHOULD BE PRECLUDED FROM DISCUSSING OR REFERENCING VW'S PRE-SUIT CONDUCT AND CORRESPONDENCE

In addition to introducing the VW litigation, Plaintiff intends to make various allegations about VW in this case. These arguments and the evidence Plaintiff seeks to introduce about VW at trial are false, unsupported, irrelevant, prejudicial and likely to lead to juror confusion.

First, Plaintiff claims that VW's applications for ID marks were rejected by the USPTO due to Plaintiff's registrations. Dkt. 110 at 2 ("[VW's] attempt to register "ID" in the United

7

States as the brand for its new line of vehicles, however, had been rejected four times by the United States Patent & Trademark Office due to PARTSiD's prior registrations detailed below."). Worse still, Plaintiff falsely claims that the USPTO told VW that its use of ID was "impermissible":

> This effort was launched by VW and ID Parts despite being advised four times by the United States Patent & Trademark Office that VW's use of ID, like ID Parts' use of ID, was impermissible due to the likelihood of confusing customers in the automotive industry.

Dkt. 110 at 4-5. The USPTO does not tell anyone whether or not they can *use* a mark; the USPTO opines only on the *registrability* of marks. The USPTO never told VW it could not *use* the ID mark. To the contrary, the USPTO registered nearly 20 ID marks applied for by VW, including the ID.4 mark which VW uses in the marketplace today. An application by VW for "I.D." was provisionally suspended based on prior applications by both Plaintiff and Defendant. VW does not use this version of the mark and voluntarily abandoned the application. Regardless, the USPTO's statements related to VW's applications are irrelevant here and would be confusing for the jury.

Next, Plaintiff claims that VW sought a license from Plaintiff to use the ID mark. Dkt. 101 at 7 ("Volkswagen AG ('VW') approached Plaintiff seeking a license to use Plaintiff's marks on its new line of electric automobiles."). Whether or not VW sought a license from Plaintiff to use its ID mark is irrelevant to the issues in the case. Indeed, these negotiations are precisely the type of pre-suit business dealings that courts have excluded as more prejudicial than probative. *See* Section II.B *supra*.

Finally, Plaintiff intends to tell the jury that VW made threats against Plaintiff. Dkt. 101 at 7 ("[A] VW attorney threatened that if Plaintiff was not willing to license its trademarks to VW, VW would look to acquire or control another automotive trademark such as IDParts to

8

defend against any future trademark claim filed by Plaintiff."). To support this allegation, Plaintiff cites the Declaration of Antonio Ciappino filed in support of its Opposition to Defendant's Motion for Summary Judgment Under the Doctrine of Laches (Dkt. 103), wherein Ciappino recounts details of a conversation he did not attend. Dkt. 103 at 5, ¶ 16. Therefore, his testimony is double hearsay (Ciappino reporting what someone else told him about what someone from VW allegedly said) for which no exception applies. Fed. R. Evid. 805. The alleged threats are also irrelevant to the issues in this case and highly prejudicial, especially in light of Plaintiff's clear intention to tell the jury that Defendant is "colluding" with VW. *See generally* Section II *supra*.

## V. CONCLUSION

For the foregoing reasons, Defendant requests that the Court preclude Plaintiff from introducing argument and evidence at trial related to non-party VW, including that Defendant is "colluding" with VW, that Defendant has claimed a common interest privilege with VW, that Plaintiff initiated litigation against VW, that VW allegedly asked Plaintiff for a "license," that the USPTO told VW not to use the ID mark, and that VW threatened Plaintiff.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: September 8, 2023 | /s/ *John L. Strand* <br> John L. Strand (BBO #654985) <br> Jason Balich (BBO #687384) <br> Kevin Y. Li (BBO #707413) <br> jstrand@wolfgreenfield.com <br> jbalich@wolfgreenfield.com <br> kli@wolfgreenfield.com <br> WOLF, GREENFIELD & SACKS, P.C. <br> 600 Atlantic Avenue <br> Boston, MA 02210 <br> 617.646.8000 Phone <br> 617.646.8646 Fax |

PUBLIC VERSION

Marc C. Laredo, (BBO #543973)
laredo@laredosmith.com
LAREDO & SMITH, LLP
101 Federal Street, Suite 650
Boston, MA 02110
617-443-1100 Phone

*Counsel for IDPARTS LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                          /s/ *John L. Strand*
                                          John L. Strand